## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

G.S., by and through his parents and next
friends, BRITTANY AND RYAN SCHWAIGERT;
S.T., by and through her mother and next friend,
EMILY TREMEL; and on behalf of those similarly situated,

    Plaintiffs,

v.                                            Case No. 2:21-cv-02552-SHL-atc

GOVERNOR BILL LEE, in his official
capacity as GOVERNOR OF TENNESSEE,
SHELBY COUNTY, TENNESSEE,

    Defendants.

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
## WITH INCORPORATED MEMORANDUM OF LAW

Petitioners-Plaintiffs, by and through undersigned counsel, hereby move this Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the entry of an Order certifying this matter as a class action under Rule 23(b)(2) and designating the undersigned counsel as class counsel. The grounds for this motion are set forth in the Memorandum in Support of Petitioner-Plaintiffs' Motion for Class Certification, filed herewith.

WHEREFORE, Petitioners-Plaintiffs respectfully move this Court to:

1. Enter an Order certifying the Class and Subclass as defined in the accompanying Memorandum, pursuant to Rule 23(b)(2); and

2. Designate undersigned counsel as class counsel.

Respectfully Submitted,

/s/Brice M. Timmons
Bryce W. Ashby—TN Bar #26179
Brice M. Timmons—TN Bar #29582
Robert A. Donati—TN Bar #25355
Craig A. Edgington -—TN Bar #38205
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Phone: 901.278.1004
Fax: 901.278.311
Email:
bryce@donatilaw.com
robert@donatilaw.com
brice@donatilaw.com
craig@donatilaw.com
*Counsel for Plaintiffs*

## MEMORANDUM OF LAW

Petitioners-Plaintiffs, G.S. and S.T. who are school-age children with disabilities that render them medically vulnerable to COVID-19, by and through their parents and next friends, through undersigned counsel, submit this memorandum on behalf of themselves and the class they seek to represent, in support of their Motion for Class Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court should grant Plaintiffs' Motion for Class Certification because Plaintiffs satisfy the requirements of Rule 23 and this action can be most efficiently resolved as a class action.

### INTRODUCTION

The spread of COVID-19 throughout the world has created an extraordinary health crisis. The Centers for Disease Control and Prevention (hereinafter "CDC"), public health officials and

public health experts have implored the general public to practice social distancing, improved hygiene and to use protective equipment in an effort to curb the threat of the deadly virus. Plaintiffs are minor children who attend K-12 public schools in Shelby County, Tennessee. They are minor children who suffer from disabilities—conditions and/or disorders that place them at higher risk for severe illness or death from COVID-19. As a result of Defendant Governor Bill Lee's executive order allowing parents to opt their children out of the county-wide mask mandate, Plaintiffs and their parents are left with the impossible decision of whether to withdraw from in-person classes and receive a less than full and adequate education when compared to their non-disabled classmates or to risk their health and safety and remain in class.

COVID-19 presents an immediate and unprecedented threat to Plaintiffs and to the Class members they represent. COVID-19 has spread and continues to spread quickly in their schools and within Shelby County and Governor Lee's Executive Order undermining the universal mask mandate issued by Defendant Shelby County, Tennessee has led to heightened risk of infection and quarantine. **As Defendant Governor Bill Lee admitted, "If you want to protect your kid from the [COVID-19] virus or from quarantine, the best way to do that is to have your kid in school with a mask."**[1] Despite this knowledge, he has disarmed municipalities and public schools of their most effective tool to both protect children with disabilities and ensure their continued access to public education. Without intervention, Defendant Lee's executive order will place more students with disabilities in real danger of severe infection and death as well as continue the spread of the virus to the community at large. Defendant Lee's executive order causes discrimination against qualified individuals with disabilities in programs, activities, and services of both the State and its municipal governments and school districts. Because of the prevalence of

---

[1] https://apnews.com/article/health-coronavirus-pandemic-tennessee-32b7ff0dc540a2b11cc8c736c67020fe

disabilities causing medical vulnerability to COVID-19 in Shelby County's children, the identical nature of the ADA violation and remedy, and the impracticability of resolving these issues on a case-by-case basis without overwhelming both the Courts and the various administrative processes available to parents, class certification is appropriate.

## **CLASS DEFINTION**

Plaintiffs seek to represent a class (hereinafter "the Class") of current and future K-12 students pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Within the Class S.T. seeks to represent a subclass of children under twelve (12) who are unable to be vaccinated (hereinafter "the Subclass").

Plaintiffs seek to certify a class defined as:

1) All current and future K-12 students attending public school in Shelby County, Tennessee during the coronavirus pandemic who are unable to obtain a vaccine either because of their age or for whom the vaccine is of limited efficacy due to their compromised or suppressed immune system, as well as all current and future children who attend school in Shelby County who have: (a) lung disease, including asthma, chronic obstructive pulmonary disease (*e.g.*, bronchitis or emphysema), or other chronic conditions associated with impaired lung function; (b) heart disease, such as congenital heart disease, congestive heart failure and coronary artery disease; (c) chronic liver or kidney disease (including hepatitis and dialysis patients); (d) diabetes or other endocrine disorders; (e) hypertension; (f) compromised immune systems (such as from cancer, HIV, receipt of an organ or bone marrow transplant, as a side effect of medication, or other autoimmune disease); (g) blood disorders (including sickle cell disease); (h) inherited metabolic disorders; (i) history of stroke; (j) neurological or developmental disability; (k) cancer or cancer treatments; and/or (l) muscular dystrophy or spinal cord injury.

Within the Class, Plaintiffs seek to certify one subclass: the "Subclass."

(a) The "Subclass" are all individuals who are members of the Class who are also under the age of twelve years and therefore ineligible to receive any vaccine for COVID-19 as currently approved by the FDA.

Plaintiffs seek to represent the Class, with their counsel of record serving as class counsel.

S.T. seeks to represent the Subclass, with her counsel serving as counsel to the Subclass.

## ARGUMENT

For a class to be certified and litigation to proceed as a class action, the party seeking certification must satisfy all four requirements of Rule 23(a) and at least one of the three requirements in Rule 23(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 23(b); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 398 (2010). Plaintiffs satisfy these requirements and their motion to certify the Class and Subclass as defined should be granted.

I. **Plaintiffs Satisfy Rule 23(a) Requirements**

A proposed class meets the requirements in Fed. R. Civ. P. 23(a) IF:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims of the class representative are typical of the claims of the class,

(4) the class representatives will fairly and adequately protect the interests of the class.

*Shady Grove*, 559 U.S. at 398 (2010). The Class and Subclass satisfy the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a).

    a. **Plaintiffs Satisfy Rule 23(a)(1) Because Joinder of All Class Members Would be Impracticable**

The Class and Subclass satisfy Rule 23(a)(1) because joiner of all Class members is impracticable based on the large number of Class members and the practical inability of many Class Members to bring individual suits. To be certified as a class, Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

There is no "strict numerical test" for determining whether joinder is impracticable; the impracticability of joinder is determined based on the circumstances of the case. *See In re WalMart ATM Fee Notice Litig.*, 2015 WL 6690412, at *7 (W.D. Tenn. Nov. 3, 2015) (quoting *Golden v. City of Columbus*, 404 F. 3d 950, 965 (6th Cir. 2005)). While any "substantial number" of class members will satisfy the numerosity requirement. "[c]ourts within the Sixth Circuit have recently

stated that "the numerosity requirement is fulfilled when the number of class members exceeds forty."" *Id.* at *7 (quoting *Phillips v. Phillip Morris Cos., Inc.*, 298 F.R.D. 355, 362 (N.D. Ohio 2014)); *see also* William B. Rubenstein, et al. 1 Newberg on Class Actions § 3:!2 (5th ed. 2011) ("[A] class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone.") "When the exact size of the class is unknown, but 'general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied," *Youngblood v. Linebarger Googan Blair and Sampson, LLP*, 2012 WL 4597990, at *5 (W.D. Tenn. Sep. 30, 2012) (quoting *Olden v. LaFarge Corp.*, 203 F.R.D. 254, 269 (E.D. Mich. 2001), *aff'd*, 383 F.3d 495 (6th Cir. 2004)).

Numerosity is easily satisfied here. On information and belief, there are well beyond the necessary number of children in the proposed Class to warrant class certification. Between 2002 and 2006, the rate of asthma hospitalization in Shelby County was 301/100,000 population. Estimates show that there are more than 12,000 school aged students who suffer from asthma alone in Shelby County.[2] Dr. Joi Wilson-Townsend, a physician and public health expert leading the COVID-19 team at Memphis Children's Clinic stated in her declaration in support of the Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction:

> Given the broad range of conditions that can result in a significantly more adverse reaction to infection from COVID-19 and the prevalence of many of these conditions, such as asthma, in the children of Shelby County, I feel comfortable saying that a child with at least one such condition is present in nearly every classroom in Shelby County.
>
> (Decl. Joi Wilson Townsend, MPH, M.D., ECF 2-4, ¶ 18.)

---

[2] https://www.commercialappeal.com/story/news/2016/10/16/childhood-asthma-plagues-memphis/91347934/ ("The chronic, incurable illness afflicts 12,000 Shelby County Schools students and is the single most common reason for admissions at Le Bonheur.")

Taking the estimates on school aged children in Shelby County who suffer from asthma alone, the Class and Subclass members number in the thousands. As a result, the Class and Subclass are each too numerous for joinder to be practicable.

> **b. Plaintiffs Satisfy Rule 23(a)(2) Because There Are Numerous Questions of Law and Fact Common to Each Member of the Class**

Rule 23(a)(2) requires that "there [be] questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A proposed class satisfies the commonality requirement of Rule 23(a)(2) if the class members' claims "depend on a common contention" and that common contention is "of such a nature that it is capable of classwide resolution." *Wal-Mart Stores, Inc.* v. *Dukes*, 564 U.S. 338, 350 (2011). Stated another way, a proposed class satisfies the commonality requirement if class treatment will "generate common answers that are likely to drive resolution of the lawsuit." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 852 (6th Cir. 2013). Although there may be many common issues of law or fact, Rule 23(a)(2) only requires that a single issue of law or fact be common to all members of the class. *Wal-Mart*, 564 U.S. at 359 ("[E]ven a single common question will do.") (internal quotation marks and alterations omitted). Factual discrepancies between class members are not fatal to a showing of commonality where common questions predominate over questions affecting only individual class members. *See In re Whirlpool Corp.* 722 F.3d at 858.

Plaintiffs must demonstrate that there is "some glue" holding the claims together. *Wal-Mart*, 564 U.S. at 352. The class claims "must depend upon a common contention" that is "of such a nature that it is capable of classwide resolution." *Id.* at 350 ("What matters to class certification . . . is not the raising of common questions . . . but, rather the capacity of a classwide proceeding to generate common answers . . . .") (internal citations and quotation marks omitted; emphasis and first ellipsis in original).

Here, Plaintiffs satisfy Rule 23(a)(2) because there are questions of both law and fact that pertain to all members of the Class and Subclass and are capable of class-wide resolution such that certification will advance the litigation. As the Supreme Court explained in *Wal-Mart*, "for purposes of Rule 23(a)(2) [e]ven a single [common] question will do . . . ." 564 U.S. at 359 (citation and internal quotations omitted; alterations in original). Here, Plaintiffs allege that all members of the Class are at significant risk of contracting a fatal illness due to Defendants' implementation of a policy—namely, Executive Order 84—which is putting their safety and life at risk. The questions of law and fact common to the Class and Subclass include the following:

> **(1)** Whether Defendant Gov. Bill Lee's policies and practices discriminate against the members of the Class in violation of the ADA and the Rehabilitation Act;
>
> **(2)** Whether Defendant Gov. Bill Lee's policies and practices discriminate against the members of the Subclass in violation of the ADA and the Rehabilitation Act; and
>
> **(3)** Whether the failure of Defendant Shelby County, Tennessee to enforce its own order requiring masking in all school located in Shelby County discriminates against the members of the Class in violation of the ADA and the Rehabilitation Act.
>
> **(4)** Whether restoring the ability of Shelby County and its various school districts to enforce mask requirements in schools will permit disabled children access to the programs, activities, and services of public schools.

Resolving these questions will yield exactly the kind of "common answer[s]" to Plaintiffs' ADA, Rehabilitation Act and Fourteenth Amendment claims that the Supreme Court requires. *See Wal-Mart*, 564 U.S. at 351. These questions are common to all Class and Subclass members because all are enrolled in Shelby County schools in person, and, if Governor Lee's Executive Order No. 84 is not terminated, are subject to the same risk of injury or death. Each of these

questions can, therefore, be determined "in one stroke," with respect to all Class and Subclass members, at the same time. *Id.* at 350.

Injunctive actions, by their very nature, often present common questions satisfying Rule 23(a)(2) because there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). They also do not involve an individualized inquiry for the determination of damages. Relevant questions of fact also satisfy the commonality requirement.

Here, the members of the Class and Subclass are all people who are at a heightened risk from COVID-19. While the risk of mortality from COVID-19 for the U.S. population as a whole is estimated to be 1.3 percent, CDC statistics demonstrate that people with underlying health conditions such as diabetes, cardiovascular disease and lung disease are at substantially greater risk of serious injury or death.[3] The members of the Class and Subclass are all, by definition, facing a higher risk from COVID-19 than the rest of the population attending Shelby County schools. Further, the members of the Class and Subclass are all subject to the same failures by to ensure adequate measures are taken to protect against the risks posed by COVID-19. In schools, they are unable to socially distance to mitigate the risk of becoming infected. The threat posed by COVID-19 is such that every class member enrolled in Shelby County schools currently faces a substantial risk of significant harm. There is no available vaccine to protect the Subclass against contracting COVID-19. People in congregate environments such as schools face increased danger of contracting COVID-19, as already evidenced by the rapid spread of the virus in cruise ships, nursing homes and, indeed, in jails and other detention facilities.[4]

---

[3]  Ctrs. for Disease Control & Prevention, Preliminary Estimates of the Prevalence of Selected Underlying Health Conditions Among Patients with Coronavirus Disease 2019 — United States, February 12–March 28, 2020 (Apr. 3, 2020), *available at* https://www.cdc.gov/mmwr/volumes/69/wr/pdfs/mm6913e2-H.pdf; Amateva Banerjee, Laura Pasea, Steve Harris et al., *Estimating Excess 1-Year Mortality Associated with the COVID-19 Pandemic According to Underlying Conditions: a Population-based Cohort Study*, THE LANCET (May 12, 2020), https://www.thelancet.com/action/showPdf?pii=S0140-6736%2820%2930854-0.

[4]  *See, e.g.*, Samantha Max, *Investigation: How The Coronavirus Ran Rampant Through A Tennessee Prison*, WPLN NEWS (May 11, 2020), https://wpln.org/post/investigation-how-the-coronavirus-ran-rampant-through-a-tennessee-prison/; C.J. Ciaramella, *8 of the Top 10 Biggest U.S. Coronavirus Hotspots are Prisons and Jails*,

Factual discrepancies among members of the Class and Subclass regarding the precise nature of their pre-existing medical conditions and/or disabilities, and, thus, the exact manner in which COVID-19 poses a threat do not defeat a showing of commonality. *See In re Whirlpool Corp.*, 722 F.3d at 858. Indeed, a court within the Sixth Circuit has <u>already held</u> that a class of prisoners seeking habeas relief because pre-existing health conditions made them especially vulnerable to COVID-19 satisfied the commonality requirement of Rule 23(a)(2) (as well as all other requirements of Rule 23(a)). *See Wilson*, 2020 WL 1940882, at *7 (rejecting the defendants' argument that the proposed class members' unique crimes, disciplinary histories, ages, medical histories, danger to the community, etc., defeated a showing of commonality). In *Wilson*, the district court certified the class notwithstanding the fact that the plaintiffs sought "varied relief" allowing for individualized determinations as to what "release" ought to look like in individual cases, because "[t]he motivating question in the litigation is whether the []class members' rights are being violated by the deteriorating conditions at Elkton." *Id.* Plaintiffs satisfy the commonality requirement of Fed. R. Civ. P. 23(a)(2). Central issues of law and fact are common to all members of the Class and Subclass. These questions can be uniformly resolved on a class-wide basis such that judicial economy is achieved.

c. **Plaintiffs Satisfy Rule 23(a)(3) Because Their Claims are Typical of the Class They Seek to Represent**

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality does not require the claims of the class representative to be identical to the claims of other class members. *See Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 155 (1982); *Campbell* v. *Hope Cmty. Credit Union*, 2012 WL 2395180, at *5 (W.D. Tenn. June 25, 2012). Rather, a claim is typical if it: (1) arises from

---

REASON (April 29, 2020) https://reason.com/2020/04/29/8-of-the-top-10-biggest-u-s-coronavirus-hotspots-are-prisons-and-jails/; Katie Park et al., *Tracking the Spread of Coronavirus in Prisons*, The Marshall Project (Apr. 24, 2020), https://www.themarshallproject.org/2020/04/24/tracking-the-spread-of-coronavirus-in-prisons.

the same event or practice or course of conduct that gives rise to the claims of other class members, and (2) is based on the same legal theory as their claims. *Ham* v. *Swift Transp. Co., Inc.*, 275 F.R.D. 475, 484 (W.D. Tenn. 2011) (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)).

The typicality requirement ensures that there exists a "sufficient relationship" between the injury to the named plaintiffs and the conduct affecting the class such that there is a "collective nature" to the challenged conduct. *Spurlock* v. *Fox*, 2012 WL 1461361, at *5 (M.D. Tenn. Apr. 27, 2012) (quoting *Stout* v. *J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000)). The typicality requirement of Rule 23(a)(3) is satisfied if the plaintiff's claim arises from a common practice, conduct, or event that also gives rise to potential claims by other class members and plaintiff's claim is based on the same legal theory as the claims of the other class members.

Typicality does not require that a class representative's claim be identical in all respects with the class claims—rather, all that is required is "a common element of fact or law." *Campbell*, 2012 WL 2395180, at *5 (quoting *Beattie* v. *CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (citations omitted)); *see also Swigart* v. *Fifth Third Bank*, 288 F.R.D. 177, 185 (S.D. Ohio 2012) ("Typical does not mean identical, and the typicality requirement is liberally construed.") (quoting *Gaspar* v. *Linvatec Corp.*, 167 F.R.D. 51, 57 (N.D. Ill. 1996)); *Smith* v. *Ohio Dep't of Rehab. & Corr.*, 2012 WL 1440254, at *4 (S.D. Ohio Apr. 26, 2012) (same). Thus, the typicality requirement is satisfied when the representative's injuries arise from the same practice affecting the rest of the class, even if factual differences exist. *See Bridging Cmtys. Inc.* v. *Top Flight Fin. Inc.*, 843 F.3d 1119, 1125 (6th Cir. 2016).

Here, named Plaintiffs' claims are typical of the Class. Plaintiffs' claims involve identical legal theories as the Class and Subclass. Every member of the Class is forced into an choice between the extreme risks to their health and safety posed by COVID-19 and their disability or

being denied access to the programs, activities, and services of public schools due to the medical conditions that make them part of the Class. Plaintiffs' claims are typical of the claims of those they seek to represent, and therefore satisfy Rule 23(a)(3).

### d. The Named Plaintiffs Will Fairly and Adequately Protect the Interests of The Class and Subclass

Finally, Plaintiffs satisfy Rule 23(a)(4) because their interests are synonymous with the interests of the Class and they have ample incentive to litigate this issue to the fullest extent possible. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There are two criteria for determining whether a class will be adequately represented: (1) the class representative must have common interests with unnamed members of the class, and (2) the class representative will vigorously prosecute the interests of the case through qualified counsel. *Campbell*, 2012 WL 2395180, at *6 (quoting *Senter* v. *Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976)); *Am. Med. Sys., Inc.*, 75 F.3d at 1083. A plaintiff's interests must be coextensive with, and not antagonistic to, the interests of the class on all issues which relate to the class; otherwise, the interests of unnamed class members may not be adequately protected. *Senter*, 532 F.2d at 525; *see also, e.g.*, *Hansberry* v. *Lee*, 311 U.S. 32, 85 (1940). The adequate representation requirement is interrelated with the typicality requirement because, without the class representative having a typical claim, she has no incentive to pursue the claims of other class members. *Am. Med. Sys., Inc.*, 75 F.3d at 1083.

### i. There is No Conflict Between Named Plaintiffs and the Class

Plaintiffs satisfy the requirements of Rule 23(a)(4) because their interests are identical to those of the unnamed members of the Class. They have an incentive to litigate their claims vigorously to the fullest extent possible—their lives, health, and educations depend on it. Plaintiffs are currently enrolled in person at Shelby County schools. While attending class, Plaintiffs are subjected to the protocols and policies with respect to COVID-19 ordered by the Defendants, and

are subject to the same risk of infection, injury and death inherent to remaining in class as other members of the Class. Plaintiffs' interest in the present litigation is to obtain relief that will inure to all other members of the Class.

The named Plaintiffs in this case are set forth below:

- G.S., by and through his parents and next friends, Brittany and Ryan Schwaigert, brings this action on behalf of himself and those similarly situated. G.S. is a thirteen-year-old boy who attends West Middle School in the Collierville Municipal School District. G.S., who has been identified by his school as a student with a disability, has tuberous sclerosis complex. Tuberous sclerosis complex is a genetic disorder that causes polycystic kidney disease, epilepsy, and hypertension. G.S. takes a daily regimen of chemotherapy to control the growth of his brain tubers and kidney cysts. This chemotherapy compromises his immune system. G.S. is also autistic. G.S. is a resident of Collierville in Shelby County, Tennessee.

- S.T., by and through her mother and next friend, Emily Tremel, brings this action on behalf of himself and those similarly situated. S.T. is an eleven-year-old girl who attends Houston Middle School in the Germantown Municipal School District. S.T., who has been identified by her school as a student with a disability, suffers from a chromosomal abnormality that causes episodic ataxia and congenital nystagmus. One of the primary triggers of S.T.'s ataxia is increased body temperature caused by fever resulting in episodes marked by an inability to stand and difficulty talking. S.T. is a resident of Germantown in Shelby County, Tennessee.

Plaintiffs have no known conflicts with other Class members and they are willing and able to serve as named Plaintiffs in this action.

### ii. Plaintiff's Counsel Will Provide Adequate Representation

Plaintiffs' counsel are qualified, experienced in conducting federal class action litigation and have adequate resources to litigate the proposed action to its resolution. Plaintiffs are represented by attorneys from Donati Law, PLLC who are experienced in class action and civil rights litigation, including, specifically, representation of a class of jail detainees who are medically vulnerable to COVID-19 before this Court. Counsel for the Class have the time and resources to litigate this case vigorously and they are familiar with the federal laws and procedures that will be relevant during the course of the litigation. Counsel's qualifications are set forth more fully in the attached Declaration of Brice M. Timmons.

Rule 23(a)(4) is therefore satisfied because Plaintiffs have the same interests as the unnamed class members and will litigate the case through experienced counsel to secure appropriate relief for all members of the Class.

## II. Plaintiff's Satisfy Fed. R. Civ. P. 23(b)(2): Plaintiffs Seek Injunctive and Declaratory From Executive Order No. 84

The final requirement for class certification is satisfaction of at least one of the subsections of Rule 23(b). Subsection (b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Courts have repeatedly held that civil rights class actions are the paradigmatic Rule 23(b)(2) suits, "for they seek classwide structural relief that would clearly redound equally to the benefit of each class member." *Marcera* v. *Chinlund*, 595 F.2d 1231, 1240 (2d Cir. 1979), *vacated on other grounds*, 442 U.S. 915 (1979); *see also Johnson* v. *Gen. Motors Corp.*, 598 F.2d 432, 435 (5th Cir. 1979); *Graham*, 2017 WL 1737871, at *6 ("Rule 23(b)(2) has been liberally applied in the area of civil rights, including suits challenging conditions and practices at various detention facilities. . . . The requirements of Rule 23(b)(2) are almost automatically satisfied in actions primarily seeking

injunctive relief."); *Dearduff* v. *Washington*, 330 F.R.D. 452, 472 (E.D. Mich. 2019) ("Historically, Rule 23(b)(2) class actions have been used as a vehicle to vindicate civil rights violations."). As stated in the leading treatise on class actions:

> Rule 23(b)(2) was drafted specifically to facilitate relief in civil rights suits. Most class actions in the constitutional and civil rights areas seek primarily declaratory and injunctive relief on behalf of the class and therefore readily satisfy Rule 23(b)(2) class action criteria.

Alba Conte & Herbert B. Newberg, 2 Newberg on Class Actions § 25.20 (4th ed. 2002).

Plaintiffs, in addition to satisfying the requirements of Rule 23(a), also satisfy the requirements of Rule 23(b)(2) in that injunctive relief would be appropriate for the Class. Cases are particularly well-suited for Rule 23(b)(2) treatment if they contain common claims susceptible to common proof and a common remedy. *See Gooch* v. *Life Inv'rs Co. of Am.*, 672 F.3d 402, 428 (6th Cir. 2012). Rule 23(b)(2) is satisfied when final injunctive relief would be appropriate to the class, as a whole, based on the facts of the case. Indeed, certification under Rule 23(b)(2) is for injunctive classes. *See, e.g.*, *Wilson*, 2020 WL 1940882, at *8; *Robinson* v. *Purkey*, 326 F.R.D. 105, 168 (M.D. Tenn. 2018); *McDonald* v. *Franklin County, Ohio*, 306 F.R.D. 548, 558–59 (S.D. Ohio 2015); *Thrope* v. *Ohio*, 173 F.R.D. 483, 490–491 (S.D. Ohio 1997); *Bremiller* v. *Cleveland Psychiatric Inst.*, 879 F. Supp. 782, 797 (N.D. Ohio 1995).

Courts routinely certify Rule 23(b)(2) class actions in cases raising constitutional and statutory challenges to the policies, procedures and safety of congregate environments. *See, e.g.*, *Brown* v. *Plata*, 563 U.S. 493, 506 (2011); *Rufo* v. *Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 374 (1992); *Wilson*, 2020 WL 1940882, at *8 (holding that a class of inmates vulnerable to COVID-19 satisfied Rule 23(b)(2)); *Dodson,* 2018 WL 4776081, at *5 (granting certification of a class of inmates with diabetes challenging deprivation of care while in prison); *Graham*, 2017 WL 1737871, at *6–7; *Parsons* v. *Ryan,* 289 F.R.D. 513, 525 (D. Ariz. 2013), *aff'd,* 754 F.3d 657 (9th Cir. 2014); *Jones* v. *Diamond*, 519 F.2d 1090, 1097 (5th Cir. 1975) ("Realistically, class actions

are the only practicable judicial mechanism for the cleansing reformation and purification of these penal institutions."); *Fraihat* v. *U.S. Immigration & Customs Enf't*, 2020 WL 1932570, at *17–20 (C.D. Cal. Apr. 20, 2020) ("It would be inconvenient and difficult, if not impossible, for detainees to obtain timely relief by filing [individual] suits . . . Given the many obstacles to accessing counsel during the COVID-19 pandemic, the Court is concerned that many putative class members would not be able to proceed on their own . . . ."); *Buffkin* v. *Hooks*, 2019 WL 1282785, at *12 (M.D.N.C. Mar. 20, 2019); *McBride* v. *Mich. Dep't of Corr.*, 2017 WL 3097806, at *1, *8 (E.D. Mich. June 30, 2017), *report and recommendation adopted*, 2017 WL 3085785 (E.D. Mich. July 20, 2017); *Bradley* v. *Harrelson*, 151 F.R.D. 422, 427 (M.D. Ala. 1993).  Here, Defendants' failure to take reasonable measures to abate the deadly threat posed by COVID-19, coupled with the congregate environments of Shelby County's schools, places all Class members at risk of serious illness or death.  Accordingly, Rule 23(b)(2) is satisfied.

## III.     The Class and Subclass are Appropriately Defined

The Sixth Circuit recently clarified that injunctive classes seeking certification under Rule 23(b)(2) <u>do not</u> need to demonstrate that the proposed class is "sufficiently definite" or that "the precise identity of each class member" can be ascertained in order for certification to be granted. *Compare Cole* v. *City of Memphis*, 839 F.3d 530, 542 (6th Cir 2016) ("The decisions of other federal courts and the purpose of Rule 23(b)(2) persuade us that ascertainability is not an additional requirement for certification of a (b)(2) class seeking only injunctive and declaratory relief."), *and Young* v. *Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537–38 (6th Cir. 2012) (citations omitted) (holding that Rule 23(b)(3) requires that a class definition be "sufficiently definite" so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class or not).  Even if such a requirement existed under Rule 23(b)(2), the Class and

Subclass are definite and objectively measured such that the Court can easily determine whether a particular individual is a member.

The Class is limited to all current and future K-12 students attending public school in Shelby County, Tennessee during the coronavirus pandemic who are unable to obtain a vaccine, as well as all current and future children who attend school in Shelby County who have previously defined medical conditions and the Subclass who are members of the Class who are also under the age of twelve years and therefore ineligible to receive any vaccine for COVID-19 as currently approved by the FDA.

As such, the Class and Subclass should be certified as defined, consistent with the requirements of Fed. R. Civ. P. 23.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court certify the Class and Subclass as defined in this Motion.

Respectfully Submitted,

/s/Brice M. Timmons
Bryce W. Ashby—TN Bar #26179
Brice M. Timmons—TN Bar #29582
Robert A. Donati—TN Bar #25355
Craig A. Edgington -—TN Bar #38205
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Phone: 901.278.1004
Fax: 901.278.311
Email:
bryce@donatilaw.com
robert@donatilaw.com
brice@donatilaw.com
craig@donatilaw.com
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    A copy of the foregoing was served on Counsel for Defendants via the Court's ECF system or via email on this the 28th day of August, 2021.

/s/Brice M. Timmons