IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| G.S. by and through his parents and next friends, BRITTANY and RYAN SCHWAIGERT, S.T. by and through her mother and next friend, EMILY TREMEL, and on behalf of those similarly situated, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )  Case 2:201-cv-02552-SHL-atc |
| GOVERNOR BILL LEE, in his official Capacity as GOVERNOR OF TENNESSEE, and SHELBY COUNTY, TENNESSEE, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

_____

**RESPONSE OF DEFENDANT GOVERNOR BILL LEE
IN OPPOSITION TO PLAINTIFFS' MOTION
FOR COURT TO HEAR TESTIMONY (ECF NO. 15)**
_____

Defendant Bill Lee, Governor of the State of Tennessee (the "Governor" or "State Defendant"), by and through the Office of the Tennessee Attorney General, hereby opposes Plaintiffs' Motion for Court to Hear Testimony.

At 3:17 p.m. on Friday, August 27, 2021, the Office of the Tennessee Attorney General received by email from Plaintiffs' counsel, Bryce Ashby, a copy of the Complaint (ECF No. 1), related motions for temporary restraining order and preliminary injunction, and supporting declarations. *See* Exhibit A, email from Bryce W. Ashby, Attorney. The declarations received in Mr. Ashby's email were the Declaration of Brittany Schwaigert (ECF No. 2-2), the

Declaration of Emily Tremel (ECF No. 2-3), the Declaration of Joi Wilson-Townsend, M.D. (ECF No. 2-4), and the Declaration of Sara Cross, M.D. (ECF No. 2-5).

At Plaintiffs' request, counsel for the State sought and obtained authorization to accept service for the State. In an effort to cooperate further, counsel for the State agreed to and did meet Mr. Ashby at street level to physically accept service of process. *See* Exhibit B, email from Bryce W. Ashby, Attorney. After their meeting, Mr. Ashby forwarded the Court's Notice of Setting (ECF No. 11) to counsel for the State at 5:02 p.m. on August 27. *See* Exhibit C, email from Bryce W. Ashby, Attorney. The Notice of Setting stated in part that "[t]he parties are instructed to have present any witnesses who will be needed for this hearing."

On Saturday, August 28 at 1:01 p.m., Plaintiffs' counsel, via ECF, filed Plaintiffs' Motion for Court to Hear Testimony (ECF No. 15). Plaintiffs' counsel did not consult with counsel for the State pursuant to LR7.2(a)(1)(B) before filing the motion.[1] At 4:21 p.m. on August 28 counsel for the State addressed an email to Mr. Ashby that stated:

> This is to advise that the State will object to the presentation of live testimony at the TRO hearing on Monday. Plaintiffs have filed declarations in support of the application. These declarations should suffice at the TRO stage. Moreover, the State will object to any proposal that the hearing on Plaintiffs' TRO application be combined with Plaintiffs' application for a preliminary injunction. We so advise you in advance as a courtesy to avoid unnecessary inconvenience to persons who would not otherwise attend or who might modify their schedules.

*See* Exhibit D, email from Jim Newsom to Bryce W. Ashby, Attorney. Mr. Ashby acknowledged receipt. *Id.*

As stated by the State's counsel, the declarations in support of Plaintiffs' application for a temporary restraining order should suffice at the TRO stage, obviating the need for live witnesses. Due to fact that Plaintiffs filed their lawsuit on a Friday, and the Court has set a

---

[1] LR7.2(a)(1)(B) states in part that "[f]ailure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion."

hearing on the temporary restraining order on the following Monday morning, the State is unable to present witnesses at the TRO stage of this proceeding.

Moreover, the presentation of live witnesses at the TRO stage would prejudice the State. The State has not had an opportunity to depose those witnesses before the Monday setting. Should Plaintiffs take the position at the preliminary injunction stage that the State had an opportunity to cross-examine their witnesses at the TRO hearing, and the Court accepts that argument, the State would be deprived of the opportunity to adequately cross-examine those witnesses, if the Court should grant a temporary restraining order.

Federal Rule of Civil Procedure 65(a)(1) explicitly requires the district court to provide "notice to the adverse party" before issuing a preliminary injunction. While Rule 65(a)(1) does not expressly require a hearing, Supreme Court precedent establishes that "[t]he notice required by Rule 65(a) ... implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 432 n. 7 (1974) (deeming "same-day notice" insufficient) (quoted with approval in *Hunter v. Hamilton Cty. Bd. of Elections,* 635 F.3d 219 (6th Cir. 2011)).

The Sixth Circuit has clarified that, although a hearing is not required "when the issues are primarily questions of law," Rule 65(a)(1) does require a hearing "when there are disputed factual issues" material to the preliminary injunction. *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007). "[C]ourts have not hesitated to dissolve a preliminary injunction issued without sufficient notice or opportunity to contest issues of fact or of law." *Hunter,* 635 F.3d at 246 (quoting *Amelkin v. McClure*, No. 94–6161, 1996 WL 8112, at *5 (6th Cir.1996) (unpublished opinion)); *accord Wyandotte Nation v. Sebelius*, 443

3

F.3d 1247, 1253 (10th Cir. 2006) ("'Preliminary injunctions entered without notice to the opposing party are generally dissolved.'" (quoting *United States v. Microsoft*, 147 F.3d 935, 944 (D.C. Cir. 1998))). The demands of Rule 65(a)(1) are equally pertinent whether a court is issuing or modifying an injunction. *W. Water Mgmt., Inc. v. Brown*, 40 F.3d 105, 109 (5th Cir.1994) ("[W]e find no authority allowing ... a modification [of an injunction] to be made without notice.").

The State is not prepared to cross-examine Plaintiffs' expert witnesses at the August 30 hearing. For the reasons set forth above, the State would be prejudiced if it is deprived of the opportunity to cross-examine Plaintiffs' expert witnesses prior to the hearing on Plaintiffs' application for a temporary restraining order.

    Respectfully submitted,

    HERBERT H. SLATERY III
    Attorney General and Reporter

    s/James R. Newsom III
    James R. Newsom (TN BPR No. 6683)
    Special Counsel
    Matthew R. Dowty (TN BPR No. 32078)
    Assistant Attorney General
    Robert W. Wilson (TN BPR No. 34492)
    Assistant Attorney General
    Office of the Tennessee Attorney General
    40 South Main Street, Suite 1014
    Memphis, TN 38103
    (901) 543-2473
    Jim.Newsom@ag.tn.gov
    Matthew.Dowty@ag.tn.gov
    Robert.Wilson@ag.tn.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 30th day of August, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report. Parties may access this filing through the Court's electronic filing system.

                                                  s/Robert W. Wilson
                                                  Robert W. Wilson (TN BPR No. 34492)
                                                  Assistant Attorney General