UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

G.S., by and through his parents and next
friends, BRITTANY AND RYAN SCHWAIGERT;
S.T., by and through his parents and next friends,
EMILY TREMEL;
and on behalf of those similarly situated,

    Plaintiffs,

v.                                                Case No. 2:21-cv-02552-SHL-atc

GOVERNOR BILL LEE, in his official
capacity as GOVERNOR OF TENNESSEE,
SHELBY COUNTY, TENNESSEE,

    Defendants.

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

In reply to the *Response of Defendant Governor Bill Lee in Opposition to Plaintiffs' Motion for Temporary Restraining Order* (ECF 24), Plaintiffs respectfully state as follows:

In defense of Executive Order No. 84, which expressly permits parents to opt their children out of masking requirements that exist to protect all children from the threat of illness, hospitalization, and death posed by COVID-19 Governor Lee presents four defenses, none of them challenging his own assertion that the best way to protect children is to have them "in school with a mask." (ECF 1 at I.) First, the Governor argues that Plaintiffs have failed to exhaust the administrative requirements of the Individuals with Disabilities Education Act.[1] Second, the

---

[1] In argument Plaintiffs advised the Court that *Covington v. Knox County Sch. Sys.*, 205 F.3d 912 (6th Cir. 2000) was applicable to this case. On June 25, 2021, the Sixth Circuit issued an opinion in *Perez v. Sturgis Pub. Sch.* 2021 U.S. App. LEXIS 19004 (Jun. 25, 2021) in which it noted that the portions of *Covington* upon which Plaintiffs rely are no longer valid. Accordingly, Plaintiffs

Governor argues that the Plaintiffs lack standing because they have suffered no injury that is "fairly traceable" to the Governor's executive order. Third, the Governor argues that Section 504 does not permit disparate impact claims. Finally, Defendant Lee invokes Sovereign Immunity under the Eleventh Amendment.

**I. The claims at issue are not within the ambit of IDEA under the *Fry v. Napoleon Community Schools* analysis.**

Governor Lee attempts to recast Plaintiffs' efforts to obtain unimpeded physical access to school grounds and the activities, programs, and services provided thereon as a claim under the Individuals with Disabilities Education Act ("IDEA") in an effort to graft the administrative exhaustion requirements applicable to the review of special education and related services onto students who merely want to be able to walk into the building without risking illness and death. The Governor attempts to cynically wield a provision meant to resolve disputes between school districts and parents over the provision of special education and related services as a weapon to deny those very school districts and parents the full panoply of tools available to protect disabled children from COVID-19. IDEA does not impose these requirements upon all disability claims brought by disabled children in schools, only those that are directly related to the provision of "special education and related services." *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 755-56 (2017).

In *Fry*, the Supreme Court rejected the idea that IDEA interposes administrative exhaustion requirements on all ADA claims brought by students and held that in determining whether IDEA's exhaustion requirement applies the Court must undertake an analysis of the gravamen of plaintiff's

---

do not rely on a "futility" argument, anticipating that any order based thereon would be subject to challenge on appeal.

complaint. *Id.* In doing so, the Court should ask a pair of hypothetical questions: First, "could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school;" and second, "could an *adult* at the school—say, an employee or visitor—have pressed essentially the same grievance?" *Id*. at 756. Here, the answer is clearly "yes" to both questions. Shelby County's Health Order 25 imposes this mandate in non-educational settings, just as all federal facilities do. Likewise, the disabilities and health issues raised by Plaintiffs are no different than those that might be raised in an incarceration or employment context by any person medically vulnerable to COVID-19.

Here, the parents have not even brought suit against the Local Education Agencies, nor have they sought that this Court impose an accommodation on them. The relief they are seeking is to exorcise the Governor from the process. At that point, Plaintiffs do not expect that further accommodation will be necessary because Shelby County has already indicated that it will reinstate its mask mandate from Health Order No. 24, under which the school districts did mandate masks for all students.

Finally, it is worth noting that if the Court certifies the Putative Class and Subclass it will include thousands of children who are not eligible for any relief under IDEA's provisions because they are not "a child with a disability" within the meaning of 20 U.S.C. § 1401(3). To be a "child with a disability" in addition to a medical condition or disability, the student must "by reason thereof, need[] special education and related services." 20 USCS § 1401. A child that is immunocompromised or that has asthma without more does not meet this definition, but is certainly disabled within the meaning of the ADA. It would be an absurdity to suggest that a child with asthma would have more right to relief in this instance than a child who had asthma *and* autism, a clear illustration of logic of the *Fry* holding applied the peculiar facts of this case.

**II. The Plaintiffs have standing because it was the Governor's Executive Order No. 84 that denied them access to the activities, programs, and services of their schools.**

The Court should rule that Plaintiffs' have standing to pursue their claims under Section 504 and the ADA because (1) they have suffered an injury in fact; (2) they have demonstrated a causal connection between that injury and Defendant Lee's actions; and (3) the injury will be redressed by a favorable decision from this Court. Defendant erroneously claims that Plaintiff cannot demonstrate the second and third prongs of this analysis.

First, Plaintiffs have demonstrated a clear causal connection between the injury in fact and Defendant Lee's actions. Specifically, Plaintiffs showed at the hearing and through the declarations submitted with their Motion for TRO that prior to the issuance of Executive Order No. 84 they felt comfortable sending their medically at-risk children to school because of the county-wide universal mask order that was being followed by their school districts. They also testified that immediately after Gov. Lee's order the schools allowed parents to file opt-out forms for their children which put their kids immediately at risk. In response, Ms. Schwaigert, G.S.'s mother, testified that she pulled her son out of school for a week until they could try to obtain some reasonable modifications that would mitigate the danger Gov. Lee's order caused. As such, Plaintiffs have demonstrated a causal link.

Next, Plaintiffs demonstrated that the injury caused by Governor Lee will be redressed by a favorable decision from this Court. Specifically, the County has stated that it will enforce the universal mask mandate county-wide if the Court grants the TRO. Accordingly, the injury will be redressed. As such, Defendant's contention that Plaintiffs do not have standing fails.

**III. Plaintiffs do not bring a disparate impact claim.**

In *Doe v. Blue Cross Blue Shield*, the Sixth Circuit held that the Rehabilitation Act does not permit disparate impact claims. 926 F.3d 235 (6th Cir. 2019). Plaintiffs have not brought a disparate impact claim. Plaintiffs have expressly sought reasonable modification of their children's schools' policies to permit them to have access to the activities, programs, and services as guaranteed by the ADA and Rehabilitation Act. The schools cannot provide such reasonable modifications because Governor Lee has tied their hands with Executive Order No. 84. Accordingly, Plaintiffs are left with no remedy but to bring suit seeking that this Court order Governor Lee to cease interfering with the reasonable modification processes that are required by the ADA and the Sixth Circuit. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 356 (6th Cir. 2015).

## IV. The ADA abrogates Eleventh Amendment Sovereign Immunity for Title II claims of this nature, and the Rehabilitation Act is Spending Clause legislation.

In its final argument, Defendant argues that Plaintiffs' claims fail because Congress' abrogation of the States' Eleventh Amendment sovereign immunity for purposes of Title II of the ADA requires that Plaintiffs identify a state service, program, or activity from which they have been excluded. (ECF 24, PageID 127.)  For this proposition, Governor Lee relies on *United States v. Georgia*, 546 U.S. 151 (2006), which addresses prophylactic Equal Protection claims under the ADA, not actual violations. "No one doubts that § 5 grants Congress the power to 'enforce . . . the provisions' of the Amendment by creating private remedies against the States for *actual* violations of those provisions." *Id.* at 158.

Governor Lee takes the somewhat surprising position that Plaintiffs have identified no "state service, program, or activity," from which they have been excluded despite the fact that the Tennessee Constitution states, "The State of Tennessee recognizes the inherent value of education and encourages its support. The General Assembly shall provide for the maintenance,

5

support and eligibility standards of a system of free public schools." Tenn. Const. Art. XI, § 12.

In *Tennessee Small School Systems v. McWherter*, the Tennessee Supreme Court held:

> The Tennessee Constitution guarantees to the school children of this State the right to a free public education and imposes upon the General Assembly the obligation to maintain and support a system of free public schools that affords **substantially equal educational opportunities to all students**.

*Tennessee Small School Systems v. McWherter*, 894 S.W.2d 734 (Tenn. 1995) (emphasis added). Accordingly, Plaintiffs have properly pled and demonstrated in the TRO hearing that Governor Lee through his Executive Order No. 84 has prevented them from accessing state-guaranteed services in the form of substantially equal educational opportunities and a free public education by prohibiting the school districts from granting the reasonable modification necessary for them to safely access and attend school. [2]

### V. Conclusion

For the foregoing reasons, this Court should reject Governor Lee's defenses and **GRANT** Plaintiffs' application for a temporary restraining order.

[signature on following page]

---

[2]   Even if the Eleventh Amendment ADA argument were well-taken, Section 504 is Spending Clause legislation, and the Eleventh Amendment offers Governor Lee no shelter from its dictates. *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 461 (6th Cir. 2008) (Moore, J., concurring).

Respectfully Submitted,

**DONATI LAW, PLLC**

/s/*Brice M. Timmons*
Bryce W. Ashby—TN Bar #26179
Brice M. Timmons—TN Bar #29582
Robert A. Donati—TN Bar #25355
Craig A. Edgington -—TN Bar #38205
1545 Union Avenue
Memphis, TN 38104
Phone: 901.278.1004
Fax: 901.278.311
Email:
bryce@donatilaw.com
robert@donatilaw.com
brice@donatilaw.com
craig@donatilaw.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served on Counsel for Defendants via the Court's ECF system or via email on this the 30th day of August, 2021.

/s/*Brice M. Timmons*

7