# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

G.S., by and through his parents and next friends, BRITTANY AND RYAN SCHWAIGERT; S.T., by and through her mother and next friend, EMILY TREMEL; and on behalf of those similarly situated,

    Plaintiffs,

v.

GOVERNOR BILL LEE, in his official Capacity as GOVERNOR OF THE STATE OF TENNESSEE and SHELBY COUNTY, TENNESSEE

    Defendants.

Case No. 2:21-cv-2552-SHL-atc

## DEFENDANT SHELBY COUNTY, TENNESSEE'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

In light of the issues raised at the Court's *Hearing on Plaintiffs' Application for Temporary Restraining Order*, held August 30, 2021, and in the Response filed by Defendant Governor Bill Lee ("Governor Lee") (ECF No. 24), Defendant Shelby County, Tennessee (the "County") hereby submits this brief supplemental response to Plaintiffs' Motion for Temporary Restraining Order (ECF No. 2).

The County files this Supplemental Response to address one point by Governor Lee—that Plaintiffs lack standing, in part, because there are presently exemptions in the governing Shelby County Health Department Health Order, Amended Health Order No. 25 (attached hereto as

Exhibit A).[1]  The Governor fails to mention that the referenced exemption states that individuals exempted from the mask mandate include those that are "K-12 grade student and your parent has submitted a written notification that you are opting out of wearing a mask according to Governor Lee's Executive Order No. 84, **unless that order is no longer in effect**." (Ex. A, p.5).  The County announced this Amended Health Order this past week, which became effective today, August 31, 2021, at 12:00 p.m.  According to the Governor, even if the Court issued an injunction against it, this exemption would nullify the relief requested by Plaintiffs.

As an initial matter, the County submits that, upon the appropriate orders from this Court restraining the effect of Governor Lee's Executive Order No. 84, the aforementioned exemption in Amended Health Order No. 25 would automatically no longer be in effect, by its plain language.

Given the present high risk, the County's intent is, within the confines of applicable law, to require universal indoor masking in public settings without a voluntary "opt out" provision.  As is plain from the language of the County's Amended Health Order No. 25 and from the County's recently-filed action against Defendant Governor Lee, *Shelby County, Tennessee v. Governor Bill Lee*, Case No. 2:21-cv-02250-SHL-atc (W.D. Tenn. Aug. 26, 2021), should the Court invalidate Executive Order No. 84, the County, through its legal authority to issue Health Orders, will continue to require universal masking for K-12 students, parents, staff, and visitors, without an option for parents to decline to comply with that mandate (CDC exemptions would still apply).  Requiring mandatory masking is in line with the consistent, evidence-based scientific support that universal masking in schools will assist in protecting children in Shelby County from the rising infections caused by the hyper-contagious Delta variant.  If legally permissible, Shelby County

---

[1] The County also agrees with Plaintiffs' position that exhaustion is not required under the circumstances presented here.

will issue orders in line with recommendations by the Center for Disease Control (CDC), the American Academy of Pediatrics, and, locally, by Le Bonheur Children's Hospital.  Shelby County will continue to follow similar evidence-based practices in making decisions to protect the health and safety of its residents, including children accessing education within this County.

Consequently, Shelby County objects to Governor Lee's position that there is any question as to Plaintiffs' standing in regards to whether the County's Amended Health Order would require mandatory masking in schools, should the Court enjoin Defendant Bill Lee from enforcing Executive Order No. 84.  It continues to agree with the relief requested by Plaintiffs, subject to reservation of its own defenses as to any allegation of its own wrongdoing, as it indicated in its prior-filed Response.

Respectfully submitted,

BURCH, PORTER AND JOHNSON, PLLC

 s/Tannera George Gibson
NATHAN A. BICKS (BPR #10903)
TANNERA GEORGE GIBSON (BPR #27779)
SARAH E. STUART (BPR #35329)
130 North Court Avenue
Memphis, TN 38103
Telephone: (901) 524-5000
Email:  nbicks@bpjlaw.com
        tgibson@bpjlaw.com
        sstuart@bpjlaw.com

   AND

MARLINEE C. IVERSON (BPR #18591)
SHELBY COUNTY ATTORNEY
E. LEE WHITWELL (BPR #33622)
ASSISTANT COUNTY ATTORNEY
160 North Main Street, Suite 950
Memphis, TN  38103
Telephone: (901) 222-2100
Email: marlinee.iverson@shelbycountytn.gov

lee.whitwell@shelbycountytn.gov

*Counsel for Defendant Shelby County, Tennessee*

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on August 31, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to all counsel of record in this case.

 s/Tannera George Gibson