# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| G.S., by and through his parents and next friends, BRITTANY and RYAN SCHWAIGERT; S.T., by and through her mother and next friend, EMILY TREMEL; and on behalf of those similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case 2:21-cv-02552-SHL-atc |
| GOVERNOR BILL LEE, in his official capacity as GOVERNOR OF TENNESSEE, and SHELBY COUNTY, TENNESSEE, | ) ) ) ) ) | |
| Defendants. | ) | |

### SUR-REPLY OF DEFENDANT GOVERNOR BILL LEE IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

Defendant Bill Lee, Governor of the State of Tennessee, by and through the Office of the Tennessee Attorney General, files this sur-reply in opposition to Plaintiffs' Motion for Temporary Restraining Order by leave of court. Plaintiffs have failed to demonstrate a likelihood of success on the merits. The Court should deny their application for a temporary restraining order ("TRO").

Plaintiffs argue that they were not required to exhaust their administrative remedies before filing suit because they have not raised an IDEA claim. But that does not control. "*Any* lawsuit is subject to the IDEA's exhaustion provision if it 'seek[s] relief that is also available under [the IDEA]." *Perez v. Sturgis Pub. Schs.*, 3 F.4th 236, 240 (6th Cir. 2021) (quoting 20

U.S.C. § 1415(l)) (emphasis added).  While the plaintiffs may "rather not trudge through an administrative process before coming to court[,] . . . federal law requires plaintiffs to complete the IDEA's administrative process before bringing any suit under federal law [including the ADA or Section 504] that concerns 'the denial of a free appropriate public education.'"  *Id.* at 239-40.  This requirement includes "even parents who forgo their IDEA claims and sue under another statute," as the Sixth Circuit has recently taught.  *Id.* at 240.  In deciding whether a complaint asserts claims that must be exhausted under the IDEA, the Supreme Court has instructed lower federal courts to look beyond the surface of the pleadings and ask: Is the crux of the complaint the denial of a free appropriate public education ("FAPE")?  *Fry v. Napoleon Comm. Schs.*, 137 S. Ct. 743, 755, 757 (2017) (describing the key as whether the "essence—even though not its wording—is the provision of a [free appropriate public education]").  If so, the exhaustion requirement should apply.

Here, Plaintiffs plainly seek relief that is also available under the IDEA.  Plaintiffs assert that disabilities render them uniquely susceptible to COVID-19, and that due to their disabilities, they are unable to receive adequate instruction through virtual or online programs.  Given those limitations, they allege that Executive Order No. 84—which permits the parents of K-12 students to opt their student out of facial-covering requirements at school—effectively excludes them from receiving adequate public education.  That claim is precisely the type of claim that the IDEA's extensive administrative process is intended to address.

Indeed, Plaintiffs' presentation of their case at the TRO hearing demonstrates that, although meticulously pleaded to avoid the IDEA, the substance of their challenge to the Executive Order is its alleged interference with their child's access to a FAPE.  The highly individuated circumstances of G.S. and J.T. are at issue here.  *See, e.g.*, Tr. 68 (G.S. "was born

with a genetic disease….It's very rare, 1 in 6,000 live births with TS.") For their part, Ms. Tremel and Ms. Schwaigert testified to their concern that their children are faced with the denial of a FAPE (Tr. 65-66, 77)—a matter that is IDEA-specific. Each parent discussed the shortcomings, in her view, of virtual learning, including that her child had not received adequate education when school was virtual last year. (Tr. 58-60, 71-72.) Each parent indicated that she was displeased with the Governor's decision to permit mask opt-outs and sought accommodations from her child's school. (Tr. 61-63, 73-77.) And neither parent was convinced that the accommodation offered was adequate due to her child's specific needs. (Tr. 63 (". . . [T]here's no hybrid option available. . . . she's been limping through trying to keep up with classes."); 77 (noting the superintendent "very condescendingly replied that we could choose virtual" when she told him that her child was "missing out on educational services".) Indeed, G.S.'s mother indicated that she specifically requested "an emergency IEP" to account for the opt-out order considering her child's special needs, and she was unsatisfied when the superintendent offered her virtual learning. (Tr. 73, 77.) These are classic IDEA allegations.

The parents also made clear that they are familiar with the IDEA process. The parents testified that each of the children has an individualized education program ("IEP") (Tr. 64, 73, 75, 76, 79); they know what to do if they disagree with an element of the IEP or if they believe the school fails to follow their IEP (Tr. 64-65, 79); and they have not filed a due process complaint concerning their child's IEP or the education that their child is receiving pursuant to the IEP (Tr. 65, 80). This bespeaks a failure to exhaust their administrative remedies, without which exhaustion their claims cannot succeed on the merits.

In their attempt to circumvent the IDEA exhaustion requirement, Plaintiffs contend that the Court should analyze their Complaint by asking two hypothetical questions: whether the

3

plaintiff could have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school; and whether an adult at the school could have pressed essentially the same grievance. (ECF 29 at 3 (citing *Fry*, 137 S. Ct. at 756.)) Plaintiffs contend that the answer to both questions is "yes," because Shelby County's Health Order No. 25 requires masks in non-educational settings, and because the issues they raise are no different from those that could be raised by medically vulnerable individuals in the incarceration or employment context. But as the Sixth Circuit has recognized, the proper focus of the gravamen analysis under *Fry* is not on the kind of relief the plaintiff seeks but on the kind of harm from which the plaintiff seeks relief. *Perez*, 3 F.4th at 241-42. Plaintiffs here seek relief from Executive Order No. 84, which applies solely to students in K-12 schools.

And the Court should not overlook the incredible reach of Plaintiffs' argument. If these claims do apply to anyone in the employment context, and Plaintiffs are right that a mask mandate is required by the ADA, then nearly every employer and business open to the public must also adopt a mandatory mask requirement for its employees and patrons. *Cf. Fry*, 137 S. Ct. at 756 (noting that a student challenging lack of wheelchair access at his school could also challenge the same condition at a library or theater). To their credit, Plaintiffs have avoided speaking too broadly on the subject, presumably precisely because their argument simply proves too much. But they cannot avoid it: either the proposed mask mandate applies to virtually every business and public accommodation in the country, or it applies only in the education context since Plaintiffs have a right to a FAPE. And since it is the latter, Plaintiffs must exhaust their administrative remedies.

In sum, Plaintiffs' claims effectively allege the denial of a FAPE. Having failed to first avail themselves of the IDEA's procedural safeguards, their claims are due to be dismissed and

4

therefore unlikely to succeed on the merits. The Court should deny their application for a TRO.

                                        Respectfully submitted,

                                        HERBERT H. SLATERY III
                                        Attorney General and Reporter

                                        s/James R. Newsom III_____
                                        James R. Newsom (TN BPR No. 6683)
                                        Special Counsel
                                        Matthew R. Dowty (TN BPR No. 32078)
                                        Assistant Attorney General
                                        Robert W. Wilson (TN BPR No. 34492)
                                        Assistant Attorney General
                                        Office of the Tennessee Attorney General
                                        40 South Main Street, Suite 1014
                                        Memphis, TN 38103
                                        (901) 543-2473
                                        Jim.Newsom@ag.tn.gov
                                        Matthew.Dowty@ag.tn.gov
                                        Robert.Wilson@ag.tn.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 31st day of August, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report. Parties may access this filing through the Court's electronic filing system.

                                        s/James R. Newsom III_____