UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

G.S., by and through his parents and next
friends, BRITTANY AND RYAN SCHWAIGERT;
S.T., by and through her mother and next friend,
EMILY TREMEL; and on behalf of those similarly situated,

    Plaintiffs,

v.       Case No. 2:21-cv-02552-SHL-atc

GOVERNOR BILL LEE, in his official
capacity as GOVERNOR OF TENNESSEE,
SHELBY COUNTY, TENNESSEE,

    Defendants.

## DECLARATION OF KIMBERLY LYNN MORRISE

I, Kimberly Lynn Morrise, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over 21 years of age, am of sound mind and body, and am otherwise competent to testify.

2. I am aware of Plaintiffs' Complaint and relief sought in this case and I wish to participate as a class member and/or as a named-Plaintiff.

3. I am the mother of J.M., a minor child in the Collierville Municipal School District. J.M. is 14 years old. I am employed as a teacher in the Collierville Municipal School District.

4. J.M. suffers from a primary immunodeficiency. In essence, her immune system is immature and does not function at the same level as that of a typical child. She is prone to illness and suffers significantly more severe symptoms when she acquires an infection. Even for common colds and relatively common infections she requires medical treatment beyond what a typical child requires.

5. J.M. is vaccinated with two doses of the Pfizer COVID-19 vaccine, but as a result of her condition she cannot rely on its efficacy.

6. As a result of her condition and the Governor's opt-out order I have had to take extra precautions. She eats lunch in the library away from other children. In order to avoid crowds, she is required to take circuitous routes to classes. This has made her late to class on several occasions. She must also avoid any school gathering including extracurricular activities and group functions. While she might choose not to participate in large gatherings even with an enforceable mask mandate, she would be able to participate in more school activities if one were in place. As a result of J.M.'s condition, her sister is also required to observe similar restrictions even though she does not suffer from a medical condition.

7. As a teacher, I am familiar with Individualized Education Plans ("IEP") and the Individuals with Disabilities Education Act. J.M. has also previously had an IEP for a speech condition that has been fully resolved. I am very familiar with the requirements for an IEP. J.M.'s condition is not covered under the Individuals with Disabilities Education Act because she does not require special education or related services, and so J.M. is ineligible for an IEP.

8. J.M.'s condition might be covered under a 504 Plan, but the only reasonable modification to the school's policies that would meet her needs is the imposition of a masking policy requiring all students to wear masks.

9. In the 2020-2021 school year, J.M. participated in hybrid learning under a full mask mandate. Class sizes were reduced by half, and she learned remotely half the time. She was able to fully participate in activities under those conditions. Hybrid learning is not offered in the 2021-2022 school year.

10. I am familiar with the virtual learning program available to J.M., and I know the educators involved both as a parent and professionally. While I am very impressed with the ability of the educators involved in the program, the program does not and cannot equal in-person education. I have observed my daughter in both settings, and she performs far better in-person than virtually. Virtual learning deprives her of critical peer interaction, in-class discussions, group activities, and the benefits of direct teacher interaction. J.M. specifically needs direct, in-person engagement with a teacher to perform at her best. Virtual learning deprives her of all of these opportunities. Even in hybrid education, she began the semester failing mathematics, a subject in which she previously made A's and B's and was in honors classes.

11. It would be impossible for her to obtain the same quality of education from virtual learning that she obtains in person, and I would not be able to remain employed if she were required to attend school virtually, as I would have to take a much larger role in her education.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 7, 2021

Memphis, Tennessee

DocuSigned by:

*Kimberly Lynn Morrise*

Kimberly Lynn Morrise