## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

G.S., by and through his parents and next
friends, BRITTANY AND RYAN SCHWAIGERT;
S.T., by and through his parents and next friends,
EMILY AND MATT TREMEL;
and on behalf of those similarly situated,

     Plaintiffs,

v.                               Case No. 21-02552-SHL-atc

GOVERNOR BILL LEE, in his official
capacity as GOVERNOR OF TENNESSEE,
SHELBY COUNTY, TENNESSEE,
and DR. BRUCE RANDOLPH, in his official
capacity as SHELBY COUNTY HEALTH OFFICER,

     Defendants.

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT GOVERNOR BILL LEE'S SECOND RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

> **"Therefore, since brevity is the soul of wit**
> **And tediousness the limbs and outward flourishes**
> **I will be brief: your noble son is mad."**
> **-William Shakespeare,**
> ***Hamlet,* Act 2, Scene 2**

Come now Plaintiffs and file this Motion to Strike Defendant Governor Bill Lee's *Second*
Response to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. As
set forth below, Defendant has violated the Local Rules in seeking a third bite at the apple—
without leave of the Court—in an attempt to find a path out of his violations of Plaintiffs' rights
under the ADA and Section 504 of the Rehabilitation Act. The Court should strike Defendants'
brief. In support of the motion to strike, Plaintiffs state the following:

1.      On August 27, 2021, Plaintiffs filed their Complaint (Dkt. 1) as well as their Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 2).

2.      On the morning of August 30, 2021, Defendant Governor Bill Lee filed his first Response in Opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction. (Dkt. 24).

3.      After the hearing on the Temporary Restraining Order the Court instructed Plaintiffs to file a Reply Brief, which Plaintiffs committed to and did file on August 30, 2021, the evening of the hearing. (Dkt. 29).

4.      At that same hearing, Defendant requested that the Court permit Defendant the opportunity to file a Sur-reply Brief. Plaintiff consented to and the Court granted such leave upon the condition that the briefing be accomplished with alacrity and the same brevity utilized by Plaintiff. Defendant filed his sur-reply as agreed and ordered on August 31, 2021. (Dkt. 31).

5.      The Local Rules of the Western District of Tennessee state that a Response must be filed within 14 days of the motion and shall not exceed 20 pages in length. (W.D. Tenn. L.R. 7.2(a)(2), (e).

6.      A Reply may only be filed with leave of Court unless the motion is filed pursuant to L.R.12.1 or L.R.56.1.

7.      On September 8, 2021, counsel for Defendant Bill Lee informed Plaintiffs' counsel that he intended to file another Response to Plaintiffs' motion to make further legal argument than what had been made in its two previously submitted briefs.

8.      Shortly thereafter, Plaintiffs' counsel sent opposing counsel an email stating that they would be objecting to an additional Response being filed as both sides had two opportunities to raise and brief the relevant legal issues, one more than each was entitled to as of right. Plaintiffs'

counsel stated that if Defendant wished to seek leave, it should address the Court at the September 9, 2021 hearing.

9.      Despite both the Local Rules, Plaintiffs' objection that Defendant required leave of Court to file additional briefing, and a lack of further consultation, Defendant filed its *Response of Defendant Governor Bill Lee in Opposition to Plaintiffs' Motion for Preliminary Injunction*, its third briefing of these issue, at 8:54 p.m. the night before the 10:00 a.m. hearing was scheduled to begin.  (Dkt. 49). This is, of course, not a "response" under the rules, but rather a surplus sur-reply, sixteen (16) pages in length, an intrinsic violation of this Court's direction, the Local Rules, and Defendant's own agreement made in open court on the record.

10.      Defendant should not be permitted to flout the Rules of this Court and force Plaintiffs to expend further time and resources in addressing issues that should have been raised in the proper time and course of briefing as anticipated by the Rules.  Pursuant to the Local Rules and the Court's inherent authority to control its docket, Defendant's *Second* Response to Plaintiffs' Motion should be stricken.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's second Response to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 49.) should be stricken.

**[signature on next page]**

3

Respectfully Submitted,

**DONATI LAW, PLLC**

/s/Brice M. Timmons
Bryce W. Ashby—TN Bar #26179
Brice M. Timmons—TN Bar #29582
Robert A. Donati—TN Bar #25355
Craig A. Edgington -—TN Bar #38205
1545 Union Avenue
Memphis, TN 38104
Phone: 901.278.1004
Fax: 901.278.311
Email:
bryce@donatilaw.com
robert@donatilaw.com
brice@donatilaw.com
craig@donatilaw.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

A copy of the foregoing was served on Counsel for Defendants via the Court's ECF system or via email on this the 9th day of September, 2021.

/s/Brice M. Timmons

## CERTIFICATE OF CONSULTATION

On September 8, 2021, Plaintiffs' counsel, Bryce Ashby, informed Defendant's counsel, Jim Newsom, that Plaintiffs would be objecting to Defendant's filing of this second Response without leave of Court. Defendant's filed its second Response despite that objection and without leave of Court. As such, Defendant did not consent to the relief sought in this motion.

/s/Brice M. Timmons