UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

G.S., by and through his parents and next
friends, BRITTANY AND RYAN SCHWAIGERT;
S.T., by and through his parents and next friends,
EMILY TREMEL;
and on behalf of those similarly situated,

    Plaintiffs,

v.                                                                                  Case No. 21-02552-SHL-atc

GOVERNOR BILL LEE, in his official
capacity as GOVERNOR OF TENNESSEE,
and SHELBY COUNTY, TENNESSEE,

    Defendants.

**PLAINTIFFS' REPLY TO RESPONSE OF DEFENDANT GOVERNOR BILL LEE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

    Come now Plaintiffs and in reply to the *Response of Defendant Governor Bill Lee in Opposition to Plaintiffs' Motion for Preliminary Injunction* (ECF 49). Plaintiffs incorporate by reference all of their previous pleadings and oral argument in this cause and will not belabor the point through repetition. However, Plaintiff addresses additional issues as follows:

    Defendant Lee has consistently made his central defense in this matter one of weaponizing the Individuals with Disabilities Education Act ("IDEA") against disabled children through erroneously invoking the statute's administrative exhaustion requirement. On September 9, 2021, however, Governor Lee admitted that students protected under Section 504 of the Rehabilitation Act could proceed in this action provided that they were not also covered by the protections of IDEA:

> THE COURT: Tell me about -- because we have 504 children, why -- why does hat not tell me this is not – the gravamen of the complaint here is not IDEA?
>
> MR. NEWSOM: Your Honor, we agree with the Court that to the extent that the IDEA does not apply to claims, and we would acknowledge that 504 claims -- pure 504 claims come within that setting, that the Plaintiffs do have access to the Court for relief.

(ECF 53, PageID 1159: 4-11.)

Defendant Lee's argument is perverse. No reasonable interpretation of a disability rights statute could result in only children who had "pure 504 claims" possessing the right to vindicate their rights under Section 504 and the ADA in federal Court, and indeed the Supreme Court has made this unanimously clear in *Fry v. Napoleon Cmty. Sch.*, explicitly laying out that IDEA did not operate in derogation of the substantive or procedural rights of children with disabilities. 137 S. Ct. 743, 750, (2017). There is no "Goldilocks zone" of disability in which children must exist in order to vindicate their rights in federal court. This Court should stay the course in its rulings as it relates to the Governor's exhaustion defense.

However, Plaintiff's have also amended their complaint to add an additional named plaintiff and class representative, J.M., a minor child with an immune disorder who qualifies for protections under Section 504 but not under IDEA, as explained by Theresa Nicholls, the Tennessee Department of Education Director of Special Populations. (ECF 54, Paragraph 22, ECF 52, Page ID 1140-41.) J.M.'s Section 504 claims are "pure" enough to proceed under the Governor's erroneous standard. Accordingly, this issue is no longer in dispute and is moot.

Defendant Lee has also defended by arguing that the modification in question, a mask mandate, would not be reasonable. It is. In support of this, Plaintiffs offer Opinion No. 20-14 of the Office of the State Attorney General. (Exh. 1.) "The face-cover mandate is likely to be held to

be a reasonable regulation to mitigate the transmission of COVID-19 and would not constitute an unconstitutional infringement on liberty interests." If it is reasonable enough to pass constitutional muster, surely it must also pass muster under the ADA and Section 504.

## CONCLUSION

For the foregoing reasons, this Court should Grant Plaintiffs' request for a preliminary injunction.

Respectfully Submitted,

**DONATI LAW, PLLC**

/s/Brice M. Timmons
Bryce W. Ashby—TN Bar #26179
Brice M. Timmons—TN Bar #29582
Robert A. Donati—TN Bar #25355
Craig A. Edgington -—TN Bar #38205
1545 Union Avenue
Memphis, TN 38104
Phone: 901.278.1004
Fax: 901.278.311
Email:
bryce@donatilaw.com
robert@donatilaw.com
brice@donatilaw.com
craig@donatilaw.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

A copy of the foregoing was served on Counsel for Defendants via the Court's ECF system or via email on this the 10th day of September, 2021.

/s/Brice M. Timmons