IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

G.S., by and through his parents and next
friends, BRITTANY AND RYAN
SCHWAIGERT; S.T., by and through her
mother and next friend, EMILY TREMEL;
J.M., by and through her mother and
Next friend, KIMBERLY MORRISE;
and on behalf of those similarly situated,

    Plaintiffs,

v.                                                   Case No. 2:21-cv-2552-SHL-atc

GOVERNOR BILL LEE, in his official
Capacity as GOVERNOR OF THE STATE
OF TENNESSEE and
SHELBY COUNTY, TENNESSEE

    Defendants.

**DEFENDANT SHELBY COUNTY, TENNESSEE'S
RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Defendant Shelby County, Tennessee ("Shelby County") submits this *Response to Plaintiffs' Motion for Preliminary Injunction*, in light of the additional issues raised by Defendant Governor Bill Lee ("Governor Lee") in his Response brief, filed September 8, 2021. (ECF No. 49). Shelby County responds specifically to address Governor Lee's allegation that Plaintiffs lack standing because third parties, including Local Education Agencies (LEAs), are the cause-in-fact of Plaintiffs' alleged injuries. (*See id.* at PageID 467-468 ("Nor does the [Executive] Order [No. 84] contain a provision preventing LEAs from accommodating Plaintiffs' children to provide them with a FAPE or access to the benefits of an education.")).

In making this argument, Governor Lee appears to either (1) concede that LEAs are not obligated to comply with Executive Order No. 84 if they believe, in their discretion, that permitting parents to opt-out of a masking requirement prevents full access to education for students with disabilities; or (2) somehow contends that the Governor's opt-out "breaks the chain of constitutional causation," despite its practical effect that LEAs may not universally enforce masking as a reasonable modification for Plaintiffs. The Governor then provides suggestions for more burdensome and costly safety measures it purports that LEAs could have (or should have) used in these circumstances. The Governor ignores that under Title II of the ADA, a public entity has an <u>affirmative</u> duty to make reasonable modifications in its policies and programs to avoid discrimination on the basis of disability. *See* 28 C.F.R. § 35.130(b)(7). A "public entity" under the ADA includes "[a]ny state . . . government." 28 C.F.R. § 35.104. There is no indication in the Plaintiffs' Complaint that the lack of universal masking in schools in Shelby County is the result of any "independent action of some third party not before the Court," as the record is abundantly clear that masking in K-12 schools (subject to limited CDC-approved exemptions) is the current status quo, absent the Governor's order. (Am. Compl. ¶¶ 7-9, ECF No. 54). *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (describing standing requirements).

Governor Lee has an obligation to oversee the State's own agencies to protect individuals from violations of their rights. *See United States v. Texas*, 321 F. Supp. 1043, 1056-1057 (E.D. Tex. 1970), *affirmed* 447 F.2d 441 (5th Cir. 1971) (noting that the State of Texas, through the Texas Education Agency, has failed as the "chief supervisory body of public education in Texas" to adequately oversee and supervise districts within the State so that no child is denied access to education on the basis of their race). Undoubtedly, there is causation between Governor Lee's Executive Order No. 84 and the harm alleged by Plaintiffs—even more plainly so in Shelby County

where Executive Order No. 84 is alleged to be the sole barrier to the most reasonable protective measure available for Plaintiffs to safely attend schools. It is the responsibility of the public agency to guarantee equal access to public education—not other parents. And there is no allegation in Plaintiffs' Complaint—or evidence otherwise—that the LEAs here would not otherwise follow the Shelby County Amended Health Order No. 25, which mandates the reasonable modification at issue.[1]

As to the remaining issues, including whether Plaintiffs have exhausted their administrative remedies and their likelihood of success on the merits on their claims against Governor Lee, Shelby County defers to the Court's analysis in its recently-issued *Temporary Restraining Order*, ECF No. 34. Shelby County continues to agree with the relief requested by Plaintiffs, subject to reservation of its own defenses as to any allegation of its own wrongdoing, including whether Plaintiffs are entitled to attorneys' fees from this Defendant. Shelby County will continue to implement its own Amended Health Order No. 25, without exception for Executive Order No. 84.

    Respectfully submitted,

    BURCH, PORTER AND JOHNSON, PLLC

    s/Tannera George Gibson
    NATHAN A. BICKS (BPR #10903)
    TANNERA GEORGE GIBSON (BPR #27779)
    CHARLES SILVESTRI HIGGINS (BPR #30184)
    SARAH E. STUART (BPR #35329)
    130 North Court Avenue
    Memphis, TN 38103
    Telephone: (901) 524-5000
    Email:  nbicks@bpjlaw.com
            tgibson@bpjlaw.com
            chiggins@bpjlaw.com
            sstuart@bpjlaw.com

---

[1] Plaintiffs allege that, prior to Executive Order No. 84, the LEAs in Shelby County were complying with Shelby County's health orders requiring masking in schools. (ECF No. 54 at ¶ 14, PageID 1174).

*AND*

MARLINEE C. IVERSON (BPR #18591)
SHELBY COUNTY ATTORNEY
E. LEE WHITWELL (BPR #33622)
ASSISTANT COUNTY ATTORNEY
160 North Main Street, Suite 950
Memphis, TN  38103
Telephone: (901) 222-2100
Email: marlinee.iverson@shelbycountytn.gov
　　　　lee.whitwell@shelbycountytn.gov

*Counsel for Defendant Shelby County, Tennessee*