# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| G.S., by and through his parents and next friends, BRITTANY AND RYAN SCHWAIGERT; S.T., by and through her mother and next friend, EMILY TREMEL; J.M., by and through her mother and next friend, KIMBERLY MORRISE; and on behalf of those similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>GOVERNOR BILL LEE, in his official capacity as GOVERNOR OF TENNESSEE; SHELBY COUNTY, TENNESSEE,<br><br>　　　Defendants. | No. 2:21-cv-02552-SHL-atc |

## ORDER DENYING MOTION TO STAY

Before the Court is Defendant Governor Bill Lee's Motion for Stay Pending Appeal, in which he seeks to stay the Court's grant of a preliminary injunction while his appeal of the injunction remains pending. (ECF No. 68.) Based on the analysis below, the Court **DENIES** the Motion to Stay, and thus the Order Granting Plaintiffs' Motion for Preliminary Injunction ("Preliminary Injunction Order") (ECF No. 62) remains in effect.

**I.　　Procedural Background**

On August 16, 2021, Governor Lee issued Executive Order No. 84, providing parents or guardians of children in Tennessee the right to opt their children out of wearing masks in schools, even if a school, school system, local health department, or other governmental entity requires that masks be worn in schools to mitigate the spread of COVID-19. (See ECF No. 62.)[1]

---

[1] Governor Lee extended the applicability of Executive Order No. 84 through issuing Executive Order No. 89 on September 30, 2021. (ECF No. 69.) Because the substance of Executive Order

On September 3, 2021, following an August 30th hearing and briefing by the Parties, the Court issued a Temporary Restraining Order to enjoin enforcement of Executive Order No. 84. (ECF No. 34.) On September 17, 2021, following a September 9th hearing and further briefing by the Parties, the Court issued a preliminary injunction to enjoin Governor Lee from enforcing the Executive Order. (ECF No. 62.) On September 27, 2021, Governor Lee gave notice of his appeal to the United States Court of Appeals for the Sixth Circuit from the Court's Order granting the injunction. (ECF No. 66.) On October 1, 2021, Governor Lee filed this Motion and a Memorandum in Support of his Motion, (ECF No. 68), and Plaintiffs filed their Response to Governor Lee's Motion on October 14, 2021. (ECF Nos. 69-70.) Defendant Shelby County likewise filed a Response in Opposition to Governor Lee's Motion on October 14, 2021. (ECF No. 71.)

**II.     Analysis**

Governor Lee seeks to stay the Court's grant of a preliminary injunction during the pendency of his appeal. The Court has discretion to deny or grant a stay under Federal Rule of Civil Procedure 62(d), and, when considering this Motion, must balance four factors similar to those that the Court balanced when granting the injunction. See SawariMedia, LLC v. Whitmer, 963 F.3d 595, 596 (6th Cir. 2020). These factors include: (1) the movant's likelihood of success on the merits of the appeal; (2) whether irreparable harm will result absent a stay; (3) the prospect of harm to others if the court grants the stay; and (4) the public interest in granting the stay. Id. When the State moves for the stay, harm to the movant and the public interest "merge into a single factor." Id.

---

No. 89 is the same as Executive Order No. 84, the Court's Orders here apply to both, and to any future Executive Orders seeking to provide the same "opt-out" provision.

Governor Lee argues that his appeal is likely to be successful on the merits, contending that the Court abused its discretion when granting the preliminary injunction by misapplying the law. (ECF No. 68-1 at PageID 1332.) As to the other factors, he argues that enjoining the Executive Order injured the State's "sovereign interest in passing and enforcing its laws," that the public interest will be served by enforcing the Executive Order, and that irreparable harm will not result from the stay because "other reasonable accommodations exist." (Id. at PageID 1348.)

Plaintiffs and Defendant Shelby County, on the other hand, argue against the stay for multiple reasons. Plaintiffs argue that Governor Lee has raised no new issues since his arguments in opposition to the Preliminary Injunction, and he is not likely to be successful on the merits of his appeal because the Court applied the appropriate legal authority when granting injunctive relief. (ECF No. 69 at PageID 1352-54.) Further, Plaintiffs contend that Governor Lee would not be harmed absent a stay, but Plaintiffs and their proposed class would face irreparable harm if the injunction were stayed. (Id.) In further support, Defendant Shelby County argues that Governor Lee's Motion both lacks merit and is directed to the wrong court, given the filing of the appeal. (ECF No. 71.)

Because the Court previously considered similar factors in its Preliminary Injunction Order, it will not analyze each of these factors in depth. The Court previously found that Plaintiffs' claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act were likely to be successful on the merits. (ECF No. 62.) Importantly, and contrary to Governor Lee's contention, the Court did not "requir[e] the Governor to provide a specific reasonable accommodation as opposed to other available options," and did not "substitut[e] its own policy choices for those of the Governor." (ECF No. 68 at PageID 1328.) Rather, the Court listened to

medical and health experts, applied relevant legal authority, and found that the Shelby County Health Department had already (1) determined that requiring masks in schools was a reasonable accommodation and (2) illustrated its feasibility by implementing this accommodation without issue before the Executive Order's existence.  (ECF No. 62 at PageID 1251-52.)  After recognizing universal masking as a reasonable accommodation implemented by local health experts, the Court found that the Governor's Executive Order's refusal to allow this accommodation to be available to schools, school systems and the Shelby County Health Department likely violates the ADA and the Rehabilitation Act.  Thus, the Court found Plaintiffs likely to succeed on the merits.  Finally, the Court also found that irreparable harm would be caused without injunctive relief, and that enjoining the Governor's Executive Order was both in the public interest and would not harm the Governor.

When weighing these similar factors in consideration of this Motion to Stay, the Court concludes that Governor Lee is unlikely to be successful on appeal, irreparable harm will result if the stay is granted, and the public interest will be served by denying the stay.  The relevant legal authority has not changed since the Court's Order of Preliminary Injunction.  Moreover, local and national public health entities remain steadfast in their guidance that masks are effective in limiting the spread of COVID-19, and education agencies – including the Tennessee Department of Education – join in the refrain to keep students safe through masking and vaccination.  (ECF No. 69-1, "FAQs related to COVID-19's Effect on Tennessee Schools".)  Thus, the Court **DENIES** the Motion to Stay.

**IT IS SO ORDERED**, this 19th day of October, 2021.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE