UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

G.S., by and through his parents and next
friends, BRITTANY AND RYAN SCHWAIGERT;
S.T., by and through her mother and next friend,
EMILY TREMEL; and on behalf of those
similarly situated,

    Plaintiffs,

v.      Case No. 21-2552

GOVERNOR BILL LEE, in his official
capacity as GOVERNOR OF TENNESSEE,
SHELBY COUNTY, TENNESSEE,

    Defendants.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO *MOTION TO INTERVENE* FILED BY MACK RIGGS AND ALYSON RIGGS ON BEHALF OF M.R., S.R., A.R., J.R. AND J.R.**

Mark and Alyson Riggs, for themselves and on behalf of their minor children, M.R., S.R., A.R., J.R. and J.R. (collectively "Movants") filed the instant "Motion to Intervene" (hereinafter "Motion") belatedly seeking leave to intervene in this matter even though this Court has already issued a preliminary injunction that is the subject of a pending appeal. Plaintiffs oppose this Motion and for grounds respectfully state as follows:

    **I.**    **Relevant Factual and Procedural History**

On August 27, 2021, Plaintiffs filed suit on behalf of themselves and a class of similarly-situated K-12 public school students with disabilities that rendered them especially vulnerable to COVID-19 seeking injunctive relief to prohibit Governor Bill Lee from enforcing Executive Order 84, an order requiring schools to permit parents to opt their children out of any mask mandate

1

imposed in a K-12 school. (ECF 1; 2.) Plaintiffs also brought suit against Defendant Shelby County seeking a mandatory injunction requiring them to enforce their public health orders without regard for Executive Order 84. (Id.) Plaintiffs <u>did not</u> sue any school or school district. After that, due to the gravity of the issues before the Court, things moved swiftly. On that same day, this Court set the matter for a hearing on August 30, 2020 at 11:00 A.M. (ECF 11.) Plaintiffs promptly filed their motion for class certification the following day. (ECF 16.) By August 30, 2021, counsel for all parties had entered appearances and filed responsive pleadings. (ECF 23; 24.) This Court heard testimony and argument from all of Plaintiffs' witnesses on August, 30, 2021 and set this matter for further hearing on September 9, 2021 at 10:00 A.M. (ECF 26.) This Court further ordered all counsel to file additional briefing immediately, and all parties had filed their further briefing within twenty-four (24) hours. (ECF 30; 31; 32.) On September 3, 2021, this Court issued a Temporary Restraining Order granting the requested relief. The Tennessee Chapter of the American Academy of Pediatrics and the Council of Parent and Attorney Advocates filed amicus briefs on September 7 and September 1 of 2021 respectively. On September 6, 2021, Headmaster Ralph Janikowsky of The Westminster School advised the parents of his students of this Court's September 3, 2021 Temporary Restraining Order requiring Shelby County to "enforce its Health Orders without exception for Governor Lee's Executive Order No. 84." (Exhibit 1.)

On September 9, 2021, the parties again appeared before this Court for a further hearing. Defendant Lee put on additional proof, and this Court heard final arguments before taking the matter under advisement. Jordan Carpenter, attorney for Movants, was present, in-person at this hearing. (ECF 61, PageID 1232.) The following day, September 10, 2021, Mr. Carpenter contacted Plaintiffs seeking consent to file an amicus brief, apparently on behalf of himself. Plaintiffs' counsel responded that they opposed intervention but took no position on the filing of an amicus

brief. Mr. Carpenter advised that he was not admitted to the Western District, and his motion to file an amicus brief was *pro se*, not on behalf of his children, whom he argued were the real parties in interest because "the relief granted so far extends beyond Plaintiffs and the prospective class to children enrolled in schools not subject to Title III of the Americans with Disabilities Act or Section 504 of the Rehabilitation Act." Notably, Mr. Carpenter did not accompany his motion for leave to file an amicus brief with an actual proposed amicus brief.

On September 17, 2021, this Court issued a preliminary injunction prohibiting Defendant Lee from enforcing Executive Order 84 and mandating that Shelby County enforce its Health Orders without exception for Executive Order 84. (ECF 62.) This Court directed no injunction at any school, school district, parent, student, or any other individual. This Court simply deemed Executive Order 84 to violate the ADA and Section 504, enjoined its enforcement, and ordered Shelby County to enforce their health orders without exception for Executive Order 84, effectively ordering Shelby County Health Order 25 back into effect. This had the effect of imposing mask mandates on all schools in Shelby County because that was Shelby County's public health policy. This remains the status quo today.

On September 27, 2021, Defendant Lee gave notice of his interlocutory appeal of the Court's Preliminary Injunction. (ECF 66.) On October 1, 2021, Governor Lee moved for a stay of the Court's Preliminary Injunction, which this Court denied on October 19. (ECF 68; 72.) Appellate litigation has ensued. All parties have moved to consolidate the appeal of this case with its two sister cases in the Middle and Eastern Districts of Tennessee, and the parties have fully briefed Defendant Lee's Motion to Stay at the appellate level.

It is against the backdrop of this heavily developed record, a pending appeal, and injunctive relief that has been in place for over two months that Movants, represented by Mr. Carpenter and

two additional counsel, Ryan Simpson and David Redding, seek leave to intervene. Movants seek to intervene "to assert claims against Shelby County under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101, *et seq.*" The precise nature of these "Title III" claims is impossible to ascertain because the Movants did not attach a proposed intervening complaint to their Motion. It appears, however, that Movants seek to assert that Westminster Academy is not subject to either Section 504 of the Rehabilitation Act and that it is exempt from the Americans with Disabilities Act under the religious institution exception. Alternatively, Movants could be interpreted as seeking a religious exemption to Shelby County Health Orders. The Movants attempt to implicate this Court's injunction because Shelby County's current Health Order, issued subsequent to the September 17, 2021 injunction states that school masking requirements remain in place "due to the absence of a uniform, reliable approach for providing reasonable accommodations for children with disabilities." (ECF 79, PageID 1404.)

## II.     Argument

This Court should deny Movants' request to intervene. Movants identify no interest that they have standing to represent and have been dilatory in seeking intervention. It is important to note who the Movants <u>are not</u>. The Movants are not Westminster Academy. They are not a religious institution. They are not an institution or entity covered by or exempted from the ADA. They are not an entity covered by Shelby County's Health Order 25. They are not qualified individuals with a disability under the ADA or Section 504. What they are, is parents who wish that Governor Lee's Executive Order 84 still allowed them to subject others, including children with disabilities, to a risk of harm. Though two months have passed under this Court's injunction, an appeal to which is now pending, Movants now seek to re-litigate all of the issues already in the

4

record now before the Sixth Circuit. They are the wrong parties, in the wrong place, at the wrong time.

      **a. Movants have no standing to intervene to assert affirmative defenses to claims that Plaintiffs have never made on behalf of a third-party not involved in the litigation.**

Given who Movants are not, the untenable nature of their position can be wholly understood from one sentence extracted from Movants' *Memorandum of Law in Support of Motion to Intervene*: "Moreover, the Intervenors' interests will not be adequately represented by the existing parties, and they will not be able to advocate for their rights under Title III of the ADA and Section 504 if the Court does not permit them to intervene." (ECF 79, PageID 1407.) This is nonsensical because movants do not assert any of "their rights" under Title III of the ADA and Section 504. The rights individuals have under Title III of the ADA and Section 504 are to be free from discrimination by reason of disability. The "rights" Movants assert and "claims" that they seek to bring against Shelby County are not "rights" or "claims" at all, and they are certainly not Movants' positions to assert.

Movants claim a right to intervene to assert Westminster Academy's religious entity exception to the ADA. They also seek to assert that Westminster Academy is not a recipient of federal funds and therefore not covered by Section 504. The former is not a "claim" at all and certainly not Movants' claim. It is merely an affirmative defense to a Title III ADA claim if one were brought against Westminster Academy. The latter is likewise not a claim, but only an essential element of a Section 504 claim. It would be necessary to prove that element had anyone brought such a suit against Westminster Academy, but no one has. Movants' entire basis for claiming that they are the proper parties to assert these "rights" is contained in one sentence without citation to any authority: "If Plaintiffs may sue to enforce specific provisions of the ADA and

Section 504, then the Intervenors are likewise empowered to intervene to ensure that the exemptions to those provisions are applied correctly and fairly under the current statutory framework." (Id. At PageID 1404.) This is patently absurd. Plaintiffs may bring suit because the ADA and Section 504 create a statutory private right of action for them. Movants have no such statutory right of action, nor are they Westminster Academy or any other religious entity defending against such an action. They are not defendants in a Title III or Section 504 suit. Movants have no standing to assert rights belonging to a third party. *Tileston v. Ullman*, 318 U.S. 44, 46 (1943).

Here, movants are attempting to assert something akin to the inverse of organizational standing, claiming that because their children are students at a school that they may represent the interests of that school. There is no statute or caselaw to support this theory of standing because it is impermissible. Typically, litigants must assert only their own legal rights and interests, not the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). The exceptions to this rule are limited to two categories. *Planned Parenthood Asso. v. Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987). "The first is where the litigants challenge statutes which regulate their activity and, as a result, violate the rights of third parties." *Id.* (citing *Craig v. Boren*, 429 U.S. 190, 194-97 (1976); *Eisenstadt v. Baird*, 405 U.S. 438, 443-46 (1972)). Here, Movants do not even claim that their activity is regulated, rather that the Court's injunction directs Defendant Shelby County to enforce its own regulations over yet another third-party, Westminster Academy, that indirectly causes Westminster Academy to require Movants' children to wear masks in school. As such, none of the regulated conduct is that of Movants, and they cannot therefore qualify for third-party standing under this first category of *jus tertii* cases.

The second category of *jus tertii* cases is more difficult to establish. *Planned Parenthood,* 882 F.2d at 1394. Such cases involve litigants seeking to assert solely the rights of third

6

parties being impinged by a statute. *Id*. It is this type of case that Movants seek to assert. Third-party standing in this type of case depends on two factual elements. *Id*. The first is whether the litigant's relationship with the third party whose right he seeks to assert is such that "the enjoyment of the right is inextricably bound up with the activity the litigant wishes to pursue," and the second is whether the third party is unable to assert the allegedly affected right on its own behalf. *Id.* (quoting *Singleton v. Wulff*, 428 U.S. 106, 114-16 (1976)).

It is not necessary for this Court to engage in the complex, fact-bound inquiry of the first prong because there is no possible argument that Movants can demonstrate the second. Westminster Academy is clearly able to assert its own rights should it choose to do so, though, as previously noted, Westminster Academy's rights are not under assault in this suit. Were Movants' inverted concept of standing to be accepted, any member of any religious institution could claim to assert that organization's rights in any litigation impacting that organization as a whole, a conception of standing in which every Catholic could assert the interests of the entire Catholic Church. This suit is between Plaintiffs, children with disabilities that render them especially susceptible to COVID-19, and the governments responsible for ensuring their protection. Movants have no place in it.

### b. Movants's conduct has been dilatory, and their intervention at this stage would prejudice all parties.

In the course of typical litigation, two months might not be an exceptionally lengthy period of time. However, in the case at bar it is dispositive as to whether intervention should be permissible. Movants knew on September 6, 2021 that this Court had issued a temporary restraining order that impacted, albeit indirectly, their children's school. Between that date and now, this Court held a further day of hearings at which it received additional argument, declarations, and testimony. This Court received further writing briefing from the parties and

*amicus curiae*. This Court then issued a carefully considered preliminary injunction based on a well-developed record. Movants stood by and watched as this happened, their counsel, Mr. Carpenter, quite literally so. Governor Lee moved for a stay, which was fully briefed by all parties and denied, and Governor Lee has appealed the preliminary injunction thereby depriving this Court of jurisdiction to modify the injunction pending the outcome of the appeal. Upon remand, presuming the Sixth Circuit does not reverse, the Court would regain the ability to modify its injunction, but by that point, Movants would be asking to modify an injunction that had been fully litigated, appealed and upheld. To do so would be the very definition of prejudicial as the parties would have to re-develop the entire record in relation to Movants' legal theories. This Court should consider Movant's request to intervene as untimely.

### c. Even if Movants seek to raise some form of individual civil liberties claim based on their religious affiliation and objection to mask mandates, all such claims have been foreclosed in the Sixth Circuit.

Finally, to the extent that Movants argue for a religious exercise exemption or some other form of constitutional claim arising from Shelby County's mask mandate, such claims are fully foreclosed in the Sixth Circuit. *Resurrection Sch. V. Hertel*, 11 F.4th 437 (2021). In *Resurrection Sch.*, a school in a position similar to that of Westminster Academy brought suit alleging that a statewide school mask mandate violated its religious liberty by impinging on its free exercise of religion, denying its students equal protection of the laws, and by denying it substantive due process. All of these claims were ultimately repackaged versions of the same argument. *Id*. at 461. They all failed. *Id.* The *Resurrection Sch.* Court also rejected the idea that a hybrid rights theory predicated on the combination of a substantive due process right to parental control over children combined with a free exercise claim would raise the usual rational basis review of neutral laws of general applicability to strict scrutiny. *Id*. at 459. Simply put, a plaintiff in a far better position than

Movants to challenge a school mask mandate has already attempted to do so, and the Sixth Circuit rejected their claims one week before the filing of this suit.

### III. Conclusion

Movants are the wrong parties, in the wrong place, at the wrong time, and this Court should deny their *Motion to Intervene.*

Respectfully Submitted,

**DONATI LAW, PLLC**

/s/Brice M. Timmons
Brice M. Timmons—TN Bar #29582
Bryce W. Ashby—TN Bar #26179
Craig A. Edgington -—TN Bar #38205
1545 Union Avenue
Memphis, TN 38104
Phone: 901.278.1004
Fax: 901.278.3111
brice@donatilaw.com
bryce@donatilaw.com
craig@donatilaw.com
*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

A copy of the foregoing was served on Counsel for all parties via the ECF system on this, the 9th day of November, 2021.

/s/Brice M. Timmons