IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

G.S., by and through his parents and next
friends, BRITTANY AND RYAN
SCHWAIGERT; S.T., by and through her
mother and next friend, EMILY TREMEL;
J.M., by and through her mother and
Next friend, KIMBERLY MORRISE;
and on behalf of those similarly situated,

      Plaintiffs,

v.                                                                            Case No. 2:21-cv-2552-SHL-atc

GOVERNOR BILL LEE, in his official
Capacity as GOVERNOR OF THE STATE
OF TENNESSEE and
SHELBY COUNTY, TENNESSEE

      Defendants.
_____

**DEFENDANT SHELBY COUNTY, TENNESSEE'S EMERGENCY MOTION FOR CLARIFICATION REGARDING THE COURT'S PRELIMINARY INJUNCTION**
_____

      Defendant Shelby County, Tennessee ("Shelby County") submits this Emergency Motion for Clarification Regarding the Court's Preliminary Injunction, issued September 17, 2021. (ECF No. 62). As the Court may be aware, the Tennessee Legislature passed sweeping COVID-19 legislation in a recently-held special session. Defendant Governor Bill Lee ("Governor Lee") has since affirmatively stated that he plans to sign the legislation by this Friday, November 12, 2021.[1]

---

[1] Tennessee Gov. Bill Lee plans to sign sweeping COVID-19 legislation, *The Commercial Appeal* (Nov. 10, 2021), https://www.commercialappeal.com/story/news/politics/2021/11/10/tennessee-gov-bill-lee-plans-sign-sweeping-covid-19-legislation/6372437001/ (a copy is attached as **Exhibit A** to this Motion).

The Court's Preliminary Injunction, which relates to Plaintiffs' challenge to Governor Lee's Executive Order No. 84, enjoins Shelby County as follows: "Defendant Shelby County is **ORDERED** to enforce its Health Orders without exception for Governor Lee's Executive Order No. 84." (ECF No. 62 at PageID 1268).[2] This Court ordered that the Preliminary Injunction "shall remain in effect until a final order is entered in this case unless dissolved sooner by order of this Court." (*Id.*). As the Court is well-aware, Shelby County did not oppose the entry of the Preliminary Injunction. (ECF No. 57).

The recently-passed legislation by the Tennessee General Assembly purports to place the "exclusive jurisdiction to issue executive orders and directives with respect to each county health department in this state" solely in the hands of the Governor of the State of Tennessee, under the circumstances of a declaration of a pandemic and declaration of a state of emergency by the Governor.[3] Further, the legislation bars Shelby County from refusing to comply with any executive order or directive of the governor. (See Ex. B, Section 1). The legislation further purports to strip the county health officer from its prior general delegated authority to promulgate "rules and regulations as are necessary or appropriate to protect the general health and safety of the county." (Ex. B, Section 2); *see also* Tenn. Code Ann. § 68-2-609(4) (to be deleted). Another

---

[2] Although this Court's ruling as to Governor Lee is presently on appeal with the United States Court of Appeals for the Sixth Circuit, Case No. 21-5915, Shelby County did not appeal the Court's order as to Shelby County and is not a party to the appeal. Therefore, this Court maintains jurisdiction over Shelby County. *See Zundel v. Holder*, 687 F.3d 271, 282 (6th Cir. 2012) ("[A]n effective notice of appeal divests the district court of jurisdiction over the matter forming the basis for the appeal," but the court retains "some jurisdiction" to determine other issues) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987); *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528-29 (6th Cir. 1992)).

[3] A copy of the final Conference Committee Report for HB 9076/SB 9013 is attached as **Exhibit B**.

omnibus legislation, HB 9077/ SB 9014, bars schools and governing bodies of schools from requiring face coverings while on school property, absent special exceptions.[4]

Further, it is no longer clear what mechanisms of enforcement may be available to Shelby County.  Proposed Section 14-4-101 of HB 9077/SB 9014 (Ex. C), states that the commissioner of health has the sole authority to determine quarantine guidelines, including any closing or restricting of private businesses and schools.

In light of the vast change in circumstances, and of the Court's Order for Shelby County to "enforce its Health Orders without exception for Governor Lee's Executive Order No. 84," Shelby County seeks clarification as to what continuing obligations it has under the Court's Preliminary Injunction, such that Shelby County can comply with State law and this Court's Order.  Finally, should the Court maintain as-is its operative Preliminary Injunction as to Shelby County, the County also seeks clarification regarding whether it retains any discretion under the Court's order in terms of evaluating health metrics, such that it can in the future alter its directives to schools regarding face coverings in response to improved conditions.

Shelby County files this Motion on an emergency basis so that both the County and schools within Shelby County may have clarity as to the scope of this Court's operative Preliminary Injunction in this matter as it relates to the soon-to-be enacted legislation, which is expected to be signed November 12, 2021.

                                      Respectfully submitted,

                                      BURCH, PORTER AND JOHNSON, PLLC

                                      s/ Tannera George Gibson
                                      NATHAN A. BICKS (BPR #10903)
                                      TANNERA GEORGE GIBSON (BPR #27779)

---

[4] A copy of the final Conference Committee Report for HB 9077/SB 9014 is attached as **Exhibit C**.

                    CHARLES SILVESTRI HIGGINS (BPR #30184)
                    SARAH E. STUART (BPR #35329)
                    130 North Court Avenue
                    Memphis, TN 38103
                    Telephone: (901) 524-5000
                    Email:  nbicks@bpjlaw.com
                            tgibson@bpjlaw.com
                            chiggins@bpjlaw.com
                            sstuart@bpjlaw.com

                  *AND*

                    MARLINEE C. IVERSON (BPR #18591)
                    SHELBY COUNTY ATTORNEY
                    E. LEE WHITWELL (BPR #33622)
                    ASSISTANT COUNTY ATTORNEY
                    160 North Main Street, Suite 950
                    Memphis, TN  38103
                    Telephone: (901) 222-2100
                    Email: marlinee.iverson@shelbycountytn.gov
                            lee.whitwell@shelbycountytn.gov

                  *Counsel for Defendant Shelby County, Tennessee*

## **CERTIFICATE OF CONSULTATION**

On November 11, 2021, counsel for Shelby County (Tannera Gibson) consulted with counsel for Plaintiffs (Bryce Ashby) and Governor Lee (Jim Newsom) by email regarding the County's request for clarification.  The Plaintiffs do not oppose Shelby County seeking clarification from the Court.  Counsel for the Governor has not yet responded as of the time of filing.

                                      s/ Tannera George Gibson