# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| G.S., by and through his parents and next friends, BRITTANY AND RYAN SCHWAIGERT; S.T., by and through her mother and next friend, EMILY TREMEL; J.M., by and through her mother and next friend, KIMBERLY MORRISE; and on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GOVERNOR BILL LEE, in his official capacity as GOVERNOR OF TENNESSEE; SHELBY COUNTY, TENNESSEE,<br><br>    Defendants. | No. 2:21-cv-02552-SHL-atc |

## ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR CLARIFICATION REGARDING THE COURT'S PRELMINARY INJUNCTION AND PROVIDING CLARIFICATION

Before the Court is Defendant Shelby County, Tennessee's ("the County") Emergency Motion for Clarification Regarding the Court's Preliminary Injunction, filed November 11, 2021. (ECF No. 84.) The Court held a Status Conference on this Motion on Friday, November 12, 2021. This Order reflects the information contained in the County's Emergency Motion, as well as the information provided by the Parties at the Status Conference.

In its Motion, the County first noted the Tennessee Legislature's recent passage of "sweeping COVID-19 legislation," and the statement of Defendant Governor Bill Lee's ("Governor Lee") intent to sign the legislation by Friday, November 12, 2021.[1] As explained in

---

[1] Tennessee Gov. Bill Lee plans to sign sweeping COVID-19 legislation, The Commercial Appeal (Nov. 10, 2021), https://www.commercialappeal.com/story/news/politics/2021/11/10/tennessee-gov-bill-leeplans-

the Status Conference, the legislation consists of two components: the HB 9076/SB 9013 ("Health Department Legislation") and HB 9077/SB 9014 ("Omnibus Bill"). In pertinent part, the Health Department Legislation prohibits the County from refusing to comply with any executive order or directive of the governor, and provides Governor Lee with "exclusive jurisdiction to issue executive orders and directives with respect to each county health department in this state" when a pandemic and state of emergency has been declared. (ECF No. 84 at PageID 1430; see Ex. B, Section 1.) On the other hand, the Omnibus Bill provides that "a school or a governing body of a school shall not require a person to wear a face covering," with limited exception. (Ex. C, Section 14-2-104(a).) In the Status Conference, Counsel for Defendant Lee stated that the Omnibus Legislation was set to be signed today, Friday, November 12, 2021, but was unsure of when the Health Department Legislation might become effective. (ECF No. 86.) The County seeks clarification as to its continued obligations under the Court's Order Granting Plaintiffs' Motion for Preliminary Injunction, ("Preliminary Injunction Order") (ECF No. 62), in light of this new legislation.

  The Court issued its Preliminary Injunction Order to ensure that the Americans with Disabilities Act ("ADA") was followed in Shelby County – or, in other words, that children in Shelby County would be able to obtain reasonable accommodations that would allow them to access their educational environment during the ongoing pandemic. Given that objective, the Court enjoined Governor Lee "from enforcing Executive Order No. 84 in Shelby County or allowing parents to opt out of Defendant Shelby County's mask mandate," and ordered Defendant Shelby County "to enforce its Health Orders without exception for Governor Lee's

---

sign-sweeping-covid-19-legislation/6372437001/ (a copy is attached as Exhibit A to this Motion).

Executive Order No. 84." (ECF No. 62 at PageID 1267-68.) The Court's Order was based on the conclusion that the County's Health Orders were ensuring compliance with the ADA.

The Court considers the County's Emergency Motion based on the record as it stands now, which is the same record in place when the Court issued its Preliminary Injunction Order. Based on that record, the Court clarifies that the County's obligations under the preliminary injunction have not changed in light of the new legislation: Defendant Shelby County must continue "to enforce its Health Orders," (see id. at PageID 1268), without exception for any rule or regulation that purportedly restrains its ability to provide reasonable accommodations to schools subject to its Health Orders in Shelby County.

Moreover, the County sought clarification as to its ability to issue new directives on this same issue. As noted in other Orders, Governor Lee's Executive Order including the "opt-out" provision at issue began as Executive Order No. 84, before being extended into Executive Order No. 89, and now into Executive Order No. 91. Because each Executive Order effectively contained the same substance, the Court's Preliminary Injunction Order applied to all extensions of the original order. Similarly, Shelby County has extended its Health Orders from the original directive in place at the time of the Court's Preliminary Injunction Order. (ECF No. 86.) Therefore, the Court's Preliminary Injunction Order applies to any extensions to Shelby County's original Health Order related to the provision of reasonable accommodations in schools in this County.

**IT IS SO ORDERED**, this 12th day of November, 2021.

> s/ Sheryl H. Lipman
> SHERYL H. LIPMAN
> UNITED STATES DISTRICT JUDGE

3