**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: November 19, 2021

Mr. Bryce W. Ashby
1545 Union Avenue
Memphis, TN 38104

Mr. Matthew Dowty
Mr. James Robert Newsom III
Mr. Robert W. Wilson
Office of the Tennessee Attorney General and Reporter
40 S. Main Street, Suite 1014
Memphis, TN 38103-1877

Mr. Craig A. Edgington
Mr. Brice Moffatt Timmons
Donati Law
1545 Union Avenue
Memphis, TN 38104

Ms. Jessica Farriis Salonus
Salonus Firm
139 Stonebridge Boulevard
Jackson, TN 38305

      Re: Case No. 21-5915, *G.S., et al v. Bill Lee*
         Originating Case No. : 2:21-cv-02552

Dear Counsel,

 The Court issued the enclosed opinion today in this case.

              Sincerely yours,

              s/Cathryn Lovely
              Opinions Deputy

cc: Mr. Thomas M. Gould

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0531n.06

Case No. 21-5915

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |
|---|---|
| G.S., by and through his parents and next friends, Brittany and Ryan Schwaigert, et al.,<br><br>  Plaintiffs-Appellees<br><br>v.<br><br>GOVERNOR BILL LEE,<br><br>  Defendant-Appellant. | FILED<br>Nov 19, 2021<br>DEBORAH S. HUNT, Clerk<br><br>O R D E R |

BEFORE: SILER, CLAY, and McKEAGUE, Circuit Judges.

PER CURIAM. Governor of Tennessee Bill Lee moves for a stay pending appeal of the district court's order preliminarily enjoining enforcement of his Executive Order No. 84 within Shelby County. That executive order granted parents and guardians in Tennessee the right to opt their children out of any local mandate requiring masks to be worn in K–12 schools. Plaintiffs—three children with disabilities that render them especially vulnerable to COVID-19—challenged enforcement of Executive Order No. 84 on grounds that it violates Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA") by foreclosing schools from providing a reasonable accommodation for their medical vulnerabilities: universal masking in K–12 schools. The district court issued a preliminary injunction ordering Defendant Shelby

Case No. 21-5915, *G.S., et al. v. Lee*

County[1] to enforce its existing health order imposing a countywide K–12 school mask mandate without exception for Executive Order No. 84.[2] *See G.S. v. Lee*, No. 21-cv-02552, 2021 WL 4268285, at *14 (M.D. Tenn. Sept. 17, 2021).

During the pendency of this motion, but after the parties submitted briefing, Governor Lee terminated Executive Order No. 84 after he signed Senate Bill 9014 into law on November 12, 2021. Tennessee's new law allows schools to enforce mask mandates only under limited "severe conditions" and imposes other substantial conditions schools must meet in order to enforce a mask mandate. Tenn. Code Ann. §§ 14-1-101(20), 14-2-104. The law also provides a process for students with disabilities to obtain a reasonable accommodation. *Id.* § 14-2-104(d)(1)–(2)

Also on November 12, 2021, upon motion of Defendant Shelby County in anticipation the Governor signing the bill into law, the district court held an emergency hearing to clarify the scope of its preliminary injunction. After the hearing, the district court entered an order clarifying that Shelby County must continue to enforce its health orders "without exception for any rule or regulation that purportedly restrains its ability to provide reasonable accommodations to schools subject to" Shelby County's health orders. R. 87 at 3.

That same day, plaintiffs in the Middle District of Tennessee filed suit and a motion for a preliminary injunction against the Governor and the Commissioner of the Tennessee Department of Education seeking to enjoin enforcement of Tenn. Code Ann. § 14-2-104. *R.K. v. Lee*, No. 3:21-cv-853 (M.D. Tenn.). The district court in that case ordered the parties to "maintain the status quo as it pertains to students with disabilities and their federally guaranteed rights as of Thursday,

---

[1] Defendant Shelby County did not appeal the district court's preliminary injunction order.

[2] Both the Middle District and the Eastern District of Tennessee have also issued preliminary injunctions against enforcement of Executive Order No. 84 on ADA grounds. *See R.K. v. Lee*, No. 3:21-CV-00725, 2021 WL 4942871, at *18 (M.D. Tenn. Oct. 22, 2021); *S.B. v. Lee*, --- F. Supp. 3d ----, No. 321CV00317JRGDCP, 2021 WL 4755619, at *28 (E.D. Tenn. Oct. 12, 2021).

2

Case No. 21-5915, *G.S., et al. v. Lee*

November 11, 2021, prior to the effective date of Tennessee Code Annotated § 14-2-104." *Id.*, R. 8 at 2. The court has since set a hearing for November 19, 2021 on the motion for a preliminary injunction. *Id.*, R. 16.

On the record before us, we decline to stay the district court's preliminary injunction. In deciding whether to grant a stay, we must "review the record that was before the district court at the time the preliminary injunction was entered." *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020) (citation omitted). We consider "(1) the likelihood that the party seeking the stay will prevail on the merits; (2) the likelihood that the moving party will be irreparably harmed; (3) the prospect that others will be harmed by the stay; and (4) the public interest in the stay." *Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016) (citing *Coal. to Def. Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006)). No single factor is necessarily dispositive, but the first factor— the likelihood of success—in many instances will be the "determinative factor" in our analysis. *Thompson v. DeWine*, 959 F.3d 804, 807, 812 (6th Cir. 2020) (per curiam) (quoting *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)).

Our review of the district court's decision is "highly deferential." *DV Diamond Club of Flint, LLC v. Small Bus. Admin.*, 960 F.3d 743, 746 (6th Cir. 2020) (citation omitted). We review the district court's legal conclusions de novo and its findings of fact for clear error. *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (per curiam) (citation omitted). "We review 'for abuse of discretion, however, the district court's ultimate determination as to whether the four preliminary injunction factors weigh in favor of granting or denying preliminary injunctive relief.'" *Id.* (citation omitted).

Starting with the first prong, the Governor has not shown a likelihood of success on the merits. Title II of the ADA prohibits disabled individuals from being "excluded from participation

3

Case No. 21-5915, *G.S., et al. v. Lee*

in" or "denied the benefits of the services programs, or activities of a public entity." 42 U.S.C. § 12132. Denial of a reasonable accommodation is a cognizable claim under Title II of the ADA. *See Marble v. Tennessee*, 767 F. App'x 647, 651 (6th Cir. 2019) (citing *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 460 (6th Cir. 1997)); 28 C.F.R. § 35.130(b)(7)(i).

Plaintiffs provided ample evidence in the district court that, without reasonable accommodations to mitigate the risk of contracting COVID-19 while attending public school, they will be denied the benefits of a public education because of their disabilities. Plaintiffs also put forth evidence that universal mask wearing is an effective way to mitigate the spread of COVID-19.

The Governor, in contrast, did not submit any evidence about the reasonableness of universal mask wearing or alternative reasonable accommodations. At the preliminary injunction hearing, the Governor called Theresa Nicholls as his only witness, the Assistant Director for Special Populations at the Tennessee Department of Education. Nicholls is the "most senior official [in] the State of Tennessee with responsibility for ensuring the rights of disabled students[.]" R. 53 at 1139. Nicholls testified that her office was not asked to give input on Executive Order No. 84 and that her office was not given any advanced notice of the executive order. At the time of the hearing, her office still had not issued any guidance to school districts regarding the Order. When asked about guidance that her office was developing, Nicholls spoke in vague terms about finding "creative ways" and "creative solutions" to implement the Executive Order while also "protecting the rights of students with disabilities." *Id.* at 1136. She did not offer concrete alternative accommodations that schools could immediately implement, and the Governor did not offer evidence about how any of the accommodations proposed in his briefing would be effective.

It is true, as the Governor asserts, that in employment cases under Title I of the ADA, a plaintiff is only entitled to a *reasonable* accommodation, not the plaintiff's *preferred* accommodation. *See Hankins v. The Gap, Inc.*, 84 F.3d 797, 800 (6th Cir. 1996). The district court stated that masking was the "most reasonable approach." *G.S.*, 2021 WL 4268285, at *7. This statement might imply that the court disregarded other reasonable accommodations proposed by the Governor. But the record is devoid of evidence about reasonable accommodations alternative to mask wearing that Plaintiffs' schools were prepared to implement following Executive Order No. 84.

The Governor also contends without evidence that universal mask wearing in K–12 schools is unreasonable because it "imposes significant burdens on third parties." Mot. to Stay at 13. The Governor analogizes to cases holding that requested accommodations to make workplaces "fragrance free" were not reasonable. In *Montenez-Denman v. Slater*, we held that a plaintiff's requested accommodation of a "fragrance-free work environment" would be "impractical and virtually impossible for the [employer] to enforce[.]" 2000 WL 263279, at *2–*3 (6th Cir. Mar. 1, 2000). The record shows that the opposite is true in this case. Prior to Executive Order No. 84, Plaintiffs' schools were already enforcing a universal mask mandate under Shelby County's health order. The Governor has put forth no evidence showing that such a policy was impractical or impossible for schools to enforce. *See id.*

In sum, the Governor did not submit sufficient evidence to show a likelihood of success on the merits. There are significant arguments in favor of both sides of this case on the three remaining equitable factors. But under our highly deferential standard of review, we cannot say the district court abused its discretion in finding that the balance of these factors weighed in favor

Case No. 21-5915, *G.S., et al. v. Lee*

of preliminary injunctive relief. *See G.S.*, 2021 WL 4268285, at *12–*13. Thus, we decline to grant the Governor's motion to stay.

The Governor's termination of Executive Order No. 84 and the contemporaneous enactment of Tenn. Code Ann. § 14-2-104 raise questions about whether this case is moot. The parties have not briefed this issue. The parties have also not briefed how § 14-2-104 affects the merits of Plaintiffs' ADA and RA claims. "Under these circumstances, discretion is the better part of judgment when it comes to a potentially premature (and unnecessary) ruling about a moving target." *Maryville Baptist Church, Inc. v. Beshear*, 977 F.3d 561, 566 (6th Cir. 2020) (per curiam). We think it best for the parties to address before the district court in the first instance whether this case is moot and whether the "subsequent legal developments require the district court to revisit" its preliminary injunction order. *Id.*

For these reasons, the motion for a stay of the preliminary injunction pending appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

6