# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

G.S., by and through his parents and next
friends, BRITTANY AND RYAN
SCHWAIGERT; S.T., by and through her
mother and next friend, EMILY TREMEL;
J.M., by and through her mother and
Next friend, KIMBERLY MORRISE;
and on behalf of those similarly situated,

    Plaintiffs,

v.                                           Case No. 2:21-cv-2552-SHL-atc

GOVERNOR BILL LEE, in his official
Capacity as GOVERNOR OF THE STATE
OF TENNESSEE and
SHELBY COUNTY, TENNESSEE

    Defendants.

## DEFENDANT SHELBY COUNTY, TENNESSEE'S RESPONSE TO PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEY'S FEES AND COSTS

Defendant Shelby County, Tennessee ("Shelby County") submits this Response to Plaintiffs' Motion for Interim Award of Attorney's Fees and Costs, filed December 23, 2021 (ECF No. 101). For the reasons stated herein, Shelby County does not oppose Plaintiffs' request for attorney's fees, to the extent that Plaintiffs' Motion appears to solely request that the Court tax such costs against Defendant Governor Bill Lee, in his capacity as Governor of the state of

Tennessee.[1] Shelby County opposes the assessment of any attorney's fees against it, as its actions did not contribute to Plaintiffs incurring fees in the instant case.

From the outset, Shelby County has stood in agreement with the relief sought by Plaintiffs. (*See* ECF No. 23 at PageID 113, ECF No. 30 at PageID 241, ECF No. 57 at PageID 1208, ECF No. 58 at PageID 1211).[2] At or around the time Plaintiffs filed the instant suit, Shelby County's Health Department had a Health Directive in place mandating, *inter alia*, face coverings in K-12 schools ("Health Order"). (*See* ECF No. 30-1 at PageID 248).[3] And, during the September 9, 2021 hearing on Plaintiffs' motion for a preliminary injunction herein, Shelby County through counsel, joined with Plaintiffs in pleading with this Court "to permit it to continue to enforce its universal mask mandate within the schools . . ." (*See* ECF No. 53 Page ID 1165, lines 15, 18-9).

Shelby County appeared, did not appeal the Court's Preliminary Injunction, and did not participate in the appeal filed by Defendant Governor Bill Lee ("Governor Lee"). (ECF Nos. 23, 30, 57, 58). At each stage, Shelby County reserved objections only as to its own wrongdoing, including whether it should be responsible for attorneys' fees. (*See* ECF No. 23 at 113, ECF No. 30 at PageID 241, ECF No. 57 at 1208, ECF No. 58 at PageID 1211).

Although Shelby County does not believe that Plaintiffs are explicitly seeking fees from this Defendant,[4] it recognizes that the Court nonetheless retains the discretion to determine the

---

[1] Plaintiffs' Certificate of Consultation references only consultation with Jim Newsom, counsel for Governor Lee, indicating Plaintiffs' intention to request fees only from that Defendant.

[2] As the Court is well-aware, prior to Plaintiffs filing the instant lawsuit, Shelby County filed a separate lawsuit seeking similar relief. *See Shelby Cty. v. Bill Lee*, Case No. 2:21-cv-2550-SHL-atc (W.D. Tenn. Aug. 26, 2021).

[3] The Health Order contained an exception for Executive Order No. 84, only so long as that order remained in effect. (*See* ECF No. 30-1 at PageID 248)

[4] Since the filing of Plaintiffs' Motion, counsel for Shelby County conferred with counsel for Plaintiffs, and counsel for Plaintiffs indicated that they take no position at this time.

award of fees in this action. *See* 42 U.S.C. § 12205. While the prevailing party in this matter may be awarded their reasonable attorneys' fees, *see* 42 U.S.C. § 12205, Plaintiffs prevailed against Governor Lee, not Shelby County. Thus, Plaintiffs are not the "prevailing party" as against Shelby County. *Cf. Chambers v. Ohio Dep't of Human Servs.*, 273 F.3d 690 (6th Cir. 2001) (explaining that to "prevail," a party must have obtained a "judicially sanctioned change in the legal relationship of the parties," and recognizing that even a "catalyst theory" of obtaining attorneys' fees is no longer recognized in the United States).

Plaintiffs did not prevail against Shelby County in the traditional sense, because Shelby County steadfastly agreed with Plaintiffs that it should be permitted to enforce its health orders without regard for Executive Order No. 84. Shelby County's actions as it relates to masking in schools were voluntary, and in place before this action was filed. (*See* ECF No. 30-1).[5] As was raised in *Shelby County's Supplemental Response to Plaintiffs' Motion for a Temporary Restraining Order* (ECF No. 30), although Shelby County's Amended Health Order No. 25 contained an exemption for Executive Order No. 84, that exemption was ineffective automatically upon the Court's entry of an injunction against Governor Lee. (*See* ECF No. 30 at PageID 240; ECF No. 30-1 at PageID 248). Consequently, the only barrier to the relief requested by Plaintiffs was the Executive Order issued by Governor Lee, and, thus, there was no "judicially sanctioned" change in legal relationship between Plaintiffs and Shelby County. *See Chambers*, 273 F.3d at 692-93 (quoting *Buckhannon Bd. and Care Home, Inc. v. WV Dep't of Health and Human Resources*, 532 U.S. 598 (2001)); *see also Tompkins ex rel. A.T. v. Troy Sch. Dist.*, 199 F. App'x

---

[5] Prior to Amended Health Order No. 25, Shelby County had in place Amended Health Order No. 24, which mandated universal masking in schools for all persons over age 2, subject only to certain CDC-approved exemptions. *See* Amended Health Order No. 24, Shelby County Health Department, https://www.shelbytnhealth.com/DocumentCenter/View/2281/Amended-Health-Order-No-24 (effective August 3, 2021).

463, 465 n.2 (6th Cir. 2006) (noting that all statutes that authorize attorneys' fees under the "prevailing party" theory are to be treated the same).  Finally, this Court recognized in its Order Granting Plaintiffs' Motion for Preliminary Injunction that the County did not oppose Plaintiffs' relief, referring only to Governor Lee throughout its Order on which Plaintiffs purport to prevail. (*See* ECF No. 62).

Consequently, based on the foregoing, Shelby County respectfully requests that the Court not tax any attorneys' fees in this action against it.

>Respectfully submitted,
>
>BURCH, PORTER AND JOHNSON, PLLC
>
>s/ Tannera George Gibson
>NATHAN A. BICKS (BPR #10903)
>TANNERA GEORGE GIBSON (BPR #27779)
>CHARLES SILVESTRI HIGGINS (BPR #30184)
>SARAH E. STUART (BPR #35329)
>130 North Court Avenue
>Memphis, TN 38103
>Telephone: (901) 524-5000
>Email:  nbicks@bpjlaw.com
>             tgibson@bpjlaw.com
>             chiggins@bpjlaw.com
>             sstuart@bpjlaw.com
>
>   AND
>
>MARLINEE C. IVERSON (BPR #18591)
>SHELBY COUNTY ATTORNEY
>E. LEE WHITWELL (BPR #33622)
>ASSISTANT COUNTY ATTORNEY
>160 North Main Street, Suite 950
>Memphis, TN  38103
>Telephone: (901) 222-2100
>Email: marlinee.iverson@shelbycountytn.gov
>             lee.whitwell@shelbycountytn.gov
>
>*Counsel for Defendant Shelby County, Tennessee*