**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

G.S., by and through his parents and next friends, BRITTANY AND RYAN SCHWAIGERT; S.T., by and through her mother and next friend, EMILY TREMEL; J.M., by and through her mother and next friend, KIMBERLY MORRISE; and on behalf of those similarly situated,

Plaintiffs,

v. Case No. 2:21-cv-02552-SHL-atc

GOVERNOR BILL LEE, in his official capacity as GOVERNOR OF TENNESSEE, SHELBY COUNTY, TENNESSEE,

Defendants.

---

**PLAINTIFFS' SECOND SUPPLEMENTAL MOTION AND MEMORANDUM FOR ATTORNEY'S FEES AND COSTS AND MOTION FOR POST-JUDGMENT INTEREST**

---

COME THE PLAINTIFFS, G.S., et al. (hereinafter "Plaintiffs"), and hereby file this Second Supplemental Motion and Memorandum for Attorney's Fees and Costs pursuant to 42 U.S.C. § 12205 and 42 U.S.C. §1988 and Motion for Post-Judgment Interest. In support, Plaintiffs state as follows:

1. On September 30, 2022, this Court granted Plaintiff's Renewed Motion and Supplemental Request for Attorney's Fees and Costs. (ECF No. 140). In doing so, the Court awarded Plaintiffs $126,793.00 in attorney's fees and $2,605.90 in costs totaling $129,398.90. (Id. at 27). Judgment was entered on October 25, 2022. (ECF No. 141).

2. After entry of Judgment, Defendant Governor Bill Lee filed his Notice of Appeal on October 31, 2022. (ECF No. 142). Specifically, Governor Lee appealed the finding by this Court that Plaintiffs were "prevailing parties."

3. After a full briefing by the parties, the Sixth Circuit Court of Appeals declined to hear oral argument and considered the case submitted on the briefs as of July 26, 2023.

4. On August 14, 2023, the Sixth Circuit issued its Opinion affirming this Court finding that Plaintiffs were "prevailing parties." (ECF No. 144).

5. Accordingly, Plaintiffs file this Second Supplemental Motion for Attorney's Fees requesting an additional $59,470.00 in attorney's fees.

6. Plaintiffs also seek post-judgment interest on the original Attorney's Fees award at the rate set forth in 28 U.S.C. § 1961(a), compounded annually.

## I. CALCULATING THE PROPER FEE AWARD

As they did prior to the appeal, Plaintiffs seek attorney's fees pursuant to Section 504 and the ADA, which provide for the payment of a prevailing plaintiffs' attorneys' fees and litigation expenses. 29 U.S.C. § 794a(b); 42 U.S.C. § 12205; 42 U.S.C. § 1988(b); 28 C.F.R. § 35.175.

The Supreme Court holds that the prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Blanchard v. Bergeron,* 489 U.S. 87, 89 (1989). In fact, the Court has stressed the importance of awarding attorneys' fees to prevailing parties in civil rights cases in particular, in order to encourage attorneys to act as "private attorneys-general," vindicating the most basic constitutional and congressional policies against discrimination. *Newman v. Piggie Park Enters.*, 390 U.S. 400, 402 (1968); *see also City of Riverside v. Riveria*, 477 U.S. 561, 574 (1986); *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). All taxpayers indirectly benefit from the redress and elimination of unconstitutional statutes and

practices. *See Newman,* 390 U.S. at 402; *see also Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989) ("Congress has elected to encourage meritorious civil rights claims because of the benefits of such litigation for the named plaintiff and for society at large . . . ."); *Rivera*, 477 U.S. at 574 (fees in civil rights cases need not be proportionate to a monetary recovery).

**A. The lodestar calculation should be the starting point.**

"The starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount which is calculated by multiplying the number of hours reasonably expended on litigation by a reasonably hourly rate." *Imwalle v. Reliance Med. Prods. Inc.*, 515 F. 3d 531, 551 (6th Cir. 2008). *Accord Hensley*¸ 461 U.S. at 433. "Where the party seeking the attorney fee has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizen's Council for Clean Air*¸ 478 U.S. 546, 564 (1986).

**B. The hours expended by Plaintiffs' counsel are more than reasonable.**

Governor Lee did not obtain approval of the appropriate State of Tennessee Constitutional official in accordance with Tenn. Code Ann. § 20-13-103 of the parties' settlement, which would have resolved the attorney's fees and costs issue, and Governor Lee was forced to give notice of the withdrawal of the settlement. After this Court awarded fees and costs and entered Judgment, Governor Lee then filed his Notice of Appeal. As a result, Plaintiffs' counsel was forced to research, file an appellate brief, and supplement briefs to protect the lower court's award of fees and costs. To accomplish all of this work, the 168.9 hours of collective time billed by Plaintiffs' counsel was imminently reasonable. Specifically, counsel worked the following hours:

Bryce Ashby: 69.8 hours

Brice Timmons: 41.6 hours

Craig Edgington: 57.5 hours

(*See* Exhibit A to Motion).

Plaintiffs' counsel is not billing for any paralegal or legal assistant work and has previously forgone seeking any additional compensation for the period of time between April 27, 2022 and September 30, 2022. (ECF No. 139).

**C. Plaintiffs' counsel's hourly rates are reasonable.**

Counsel for Plaintiffs seek the same hourly rate as was approved by this Court in its September 30, 2022 order of $400 for Attorneys Bryce Ashby and Brice Timmons and $260 for Attorney Craig Edgington.[1] The Court previously described counsel "[a]s specialists in disability and civil rights law" (ECF No. 140), and these rates are consistent with the declarations previously submitted by members of the Memphis Bar including Andrew Clarke and Michael McLaren (ECF No. 101-5, 101-6), which Plaintiffs specifically incorporate and adopt in this motion.

## II. AMOUNT SOUGHT IN NEW ATTORNEY TIME

Plaintiffs' counsel has invested 168.9 hours into this case, which is $59,470.00 in attorney time.

## III. POST-JUDGMENT INTEREST

The Court should award post-judgment interest on the attorney's fees awarded on September 30, 2023. 28 U.S.C. § 1961(a) governs interest on money judgments obtained in a federal district court. It provides that post-judgment interest at the federal statutory rate, "***shall*** be

[1] Plaintiffs' attorney's award of attorney's fees was granted on 9/30/2022. As such, Plaintiffs' counsel subsequently increased their hourly rates as standard practice as 2023 began. Despite this increase, Plaintiffs' counsel have submitted their supplemental work crossing from 2022 through August 2023 at the same rates awarded by this Court on September 30, 2022. However, Plaintiffs' counselors aver that they should not be held to this rate in other Courts when they submit attorney's fees applications in the calendar year 2023 and forward as it does not accurately reflect their current hourly rates.

allowed on ***any money judgment*** in a civil case recovered in a district court." 28 U.S.C. § 1961(a)(emphasis added). Once a judgment is obtained, post-judgment interest thereon is mandatory. *Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002) ("district courts are required to award post-judgment interest.") "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

The weekly average 1-year constant maturity Treasury yield as of October 18, 2022, one week prior to Judgment being rendered final in this matter, was 4.5%.[2] Finally, this rate should be compounded annually until the judgment is satisfied.

## III. CONCLUSION

As the Sixth Circuit has affirmed that Plaintiffs are prevailing parties in this litigation, and therefore are entitled an award of reasonable attorney's fees pursuant to § 12205, Plaintiffs ask for an award of an additional $59,470.00 in attorney's fees. Additionally, Plaintiffs ask the Court to award post-judgment interest on the attorney's fees previously awarded by the Court on September 30, 2022.

[2] 1 Yr Constant Maturity Treasury (CMTN1Y) Historical Data | Nasdaq, www.nasdaq.com/markiet-activity/fixed-income/cmtn1y/historical (last visited August 29, 2023).

Respectfully Submitted,

**DONATI LAW, PLLC**

/s/Bryce W. Ashby
Bryce W. Ashby—TN Bar #26179
Brice M. Timmons—TN Bar #29582
Craig A. Edgington—TN Bar #38205
1545 Union Avenue
Memphis, TN 38104
Phone: 901.278.1004
Fax: 901.278.311
bryce@donatilaw.com
brice@donatilaw.com
craig@donatilaw.com

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I certify that this Motion was served upon counsel of record for the Defendant, through the Court's ECF filing system on August 29, 2023.

/s/Bryce W. Ashby