IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| G.S., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:21-cv-02552-SHL-atc |
| ) | |
| GOVERNOR BILL LEE, in his official ) | |
| capacity as GOVERNOR OF TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING PLAINTIFFS' SECOND SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES AND MOTION FOR POST-JUDGMENT INTEREST**

Before the Court is Plaintiffs' Second Supplemental Motion for Attorney's Fees and Costs and Motion for Post-Judgment Interest, filed August 29, 2023. (ECF No. 145.) Defendant responded on September 11, 2023, stating that he does not oppose the motion. (ECF No. 147.)

After reviewing Plaintiffs' records, the Court finds that Plaintiffs are entitled to $59,470.00 in attorney's fees and post-judgment interest on the Court's September 30, 2022 award of attorney's fees ("First Fee Award") at a rate of 4.5% from the entry of judgment on October 25, 2022. (ECF Nos. 140, 141, 145.)

## BACKGROUND

Plaintiffs, the parents of school-aged medically vulnerable children in Shelby County, initiated this action in August 2021, asserting that Governor Bill Lee's Executive Order No. 84 and its progeny violated Plaintiffs' rights to access school under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. (ECF No. 1 at PageID 5.)   The Court

granted Plaintiffs' request for a preliminary injunction on September 17, 2021, finding it likely that the Executive Order violated these rights. (ECF No. 62.)

On September 27, 2021, Governor Lee filed an appeal of the Court's decision with the United States Court of Appeals for the Sixth Circuit. (ECF No. 66.) Before the Sixth Circuit could address the appeal, the Tennessee General Assembly passed legislation that led Governor Lee to rescind the Executive Order in question. (ECF No. 98.) Pursuant to a joint motion by the parties, the Sixth Circuit dismissed the appeal on December 10, 2021. (Id.)

On December 23, 2021, Plaintiffs moved for an Interim Award of Attorney's Fees and Costs under 42 U.S.C. § 12205. (ECF No. 101, "Motion for Interim Award.") On January 18, 2022, Governor Lee filed a Motion to Dismiss, arguing that newly enacted Tennessee legislation had rendered the claims against him moot. (ECF No. 108.) The Motion for Interim Award was still pending when the Court granted Governor Lee's Motion to Dismiss on March 28, 2022. (ECF No. 127.) Two days later, Plaintiffs filed their Notice of Renewal of Motion and Memorandum for [] Attorney Fees and Costs and of Supplemental Authority for Same. (ECF No. 128, "Renewed Motion.")

The Court granted Plaintiffs' Renewed Motion, awarding $129,398.90 in attorney's fees and costs on September 30, 2022 (ECF No. 140), and entered judgment on October 25, 2022 (ECF No. 141). Defendant appealed this result to the Sixth Circuit, arguing that Plaintiffs could not recover attorney's fees because they were not "prevailing parties." (ECF No. 144.) The Sixth Circuit affirmed this Court's finding that Plaintiffs were prevailing parties on August 14, 2023. (Id.)

Plaintiffs' counsel now requests an additional $59,470.00 for attorney's fees accrued during the appeal process and post-judgment interest on this Court's First Fee Award. (ECF No. 145.)

## **LEGAL STANDARD**

The prevailing party in an action to enforce civil rights under the ADA is entitled to recover reasonable attorney's fees, including litigation expenses and costs. 42 U.S.C. § 12205. The reasonableness of a fee award is determined by the "lodestar" amount, which is calculated by multiplying the number of hours spent on the litigation by an attorney's hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Parties seeking attorney's fees have the burden of providing evidence of the hours worked and rates charged. Webb v. Bd. of Educ. of Dyer Cnty., Tenn., 471 U.S. 234, 242 (1985).

In this district, the Local Rules require parties to submit an affidavit or declaration of counsel detailing the number of hours spent on each aspect of the case, and an affidavit or declaration from another attorney in the community, who is not otherwise involved in the case, setting out the prevailing rate in the community for similar services. L.R. 54.1(b)(1)–(2). Trial courts have broad discretion to determine what constitutes a reasonable hourly rate but should assess the prevailing market rate in the relevant community when evaluating a request for attorney's fees. Waldo v. Consumers Energy Co., 726 F.3d 802, 821 (6th Cir. 2013). Once parties seeking attorney's fees establish that the number of hours and the rate charged are reasonable, the lodestar amount is presumed to be reasonable and recoverable. Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 552–53 (6th Cir. 2008).

**ANALYSIS**

Although Plaintiffs' request for attorney's fees and post-judgment interest is unopposed, Plaintiffs still must satisfy their burden of showing that their hourly rates and hours worked on this case are reasonable. In support of the reasonableness of their request, Plaintiffs submit an itemized bill detailing their attorney's fees and costs (ECF No. 145-1), affidavits from their counsel attesting to the accuracy of the time billed (ECF Nos. 141-2, 141-3, 141-4), and affidavits from two qualified attorneys in the community certifying that counsels' requested rates are comparable to local market rates for similar services (ECF Nos. 101-5, 101-6).

**I.      Lodestar Calculation**

   A.  <u>Reasonableness of Rates</u>

Plaintiffs' attorneys are seeking fees at the same hourly rates used to calculate the First Fee Award in September 2022: $400 an hour for Bryce Ashby, $400 an hour for Brice Timmons, and $260 an hour for Craig Edgington.[1]  (ECF No. 145.)  Plaintiffs rely on the affidavits of Andrew Clarke and Michael McLaren in support of their Motion for Interim Award, which certified that counsels' requested rates are appropriate in the Western District of Tennessee for work on this specialized issue.  (ECF Nos. 101-5, 101-6.)  Nothing about the attorneys' qualifications, requested rates, or work quality has materially changed since the Court considered them in its Order Granting Plaintiffs' Renewed Motion.  (ECF No. 140.)  For the same reasons stated in that Order, the Court finds these rates to be reasonable.

---

[1] Counsel submits that their hourly fee rates have increased in 2023, therefore the rates in this Order are not reflective of their current hourly rates. (ECF No. 145 at PageID 1894 n.1.)

B.  Reasonableness of Hours Spent

Attorneys seeking fees and costs are obligated "to 'maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended.'" Smith v. Service Master Corp., 592 F. App'x 363, 371 (6th Cir. 2014) (quoting Wooldridge v. Marlene Indus. Corp., 898 F.2d 1169, 1177 (6th Cir. 1990)).  Although not required to record the minute-by-minute details of their work, counsel should "'identify the general subject matter of . . . time expenditures.'" Id. (quoting Hensley, 461 U.S. at 437 n.12).  Thus, billing records will suffice when they offer "'sufficient detail and probative value' for the court to determine the legitimacy of the hours expended." Monroe v. FTS USA, LLC, No. 2:08-cv-02100-JTF-cgc, 2014 WL 4472720, at *23–24 (W.D. Tenn. July 28, 2014) (citing Imwalle, 515 F.3d at 553–54 (finding time entries such as "conference with," "research," "review file," "review documents," etc. sufficiently descriptive when read in context of whole billing statement and the litigation timeline)).

Plaintiffs have met their initial burden of providing proof of counsels' actual hours worked. Disabled Patriots of Am., Inc. v. Beverly Terrace, Ltd., No. 1:06-cv-3063, 2008 WL 4426344, at *4 (N.D. Ohio Sept. 25, 2008).  The proof demonstrates that counsel worked 168.9 hours.  (ECF No. 145 at PageID 1893.)  Specifically, Bryce Ashby worked 69.8 hours, Brice Timmons worked 41.6 hours, and Craig Edgington worked 57.5 hours.  (Id. at PageID 1893–94.)  They assert these hours were spent researching, filing an appellate brief, and filing supplemental briefs related to the Court's award of fees and costs.  (Id. at PageID 1893.)  After reviewing counsel's billing records, the Court finds the numbers of hour spent to be reasonable.

5

C. Lodestar Calculation

As explained above, the Court concludes that the hourly rates and number of hours spent are reasonable. The lodestar determination is therefore:

| Attorney | Hours Worked | Hourly Rate | Total Fee |
| --- | --- | --- | --- |
| Mr. Ashby | 69.8 hours | $400 / hour | $27,920.00 |
| Mr. Timmons | 41.6 hours | $400 / hour | $16,640.00 |
| Mr. Edgington | 57.5 hours | $260 / hour | $14,950.00 |
| TOTAL | | | $59,510.00[2] |

II. **Post Judgment Interest**

Once a district court has entered final judgment awarding attorney's fees, the prevailing party can also recover post-judgment interest on that award under 28 U.S.C § 1961(a). This statute provides for recovery of post-judgment interest on "any money judgment in a civil case recovered in a district court," which includes attorney's fees. Associated Gen. Contractors of Ohio, Inc. v. Drabik, 250 F.3d 482, 484–85 (6th Cir. 2001). Post-judgment interest awarded under this statute should be calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment." 28 U.S.C § 1961(a).

The Court awarded Plaintiffs $129,398.90 in attorney's fees and costs on September 30, 2022, and entered judgment in the case on October 25, 2022. (ECF Nos. 140, 141.) Plaintiffs are entitled to post-judgment interest on that award starting from October 25, 2022. See Drabik, 250 F.3d at 484–85. This interest should be calculated at a rate of 4.5%, "the weekly average 1-year constant maturity treasury yield . . . for the calendar week preceding" October 25, 2022,

---

[2] This is $40 more than plaintiffs' request for attorney's fees.

and compounded annually.[3]  28 U.S.C § 1961(a).  Post-judgment interest is awarded through the date the judgment is satisfied and thus the Parties are in the best position to calculate this final number.  See Watkins v. Cty of Genesee, No. 13-13678, 2018 WL 4005781, at *6 (E.D. Mich. Aug. 22, 2018).

## CONCLUSION

Plaintiffs' Second Supplemental Motion for Attorney's Fees and Post-Judgment Interest is **GRANTED**.  The Court awards Plaintiffs $59,470.00 in attorney's fees plus post-judgment interest on the First Fee Award at a rate of 4.5%, calculated from October 25, 2022, and compounded annually until the judgment is satisfied.

**IT IS SO ORDERED**, this 7th day of November, 2023.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] See 1 Year Constant Maturity Treasury (CMTN1Y) Historical Data, NASDAQ, www.nasdaq.com/market-activity/fixed-income/cmtn1y/historical (last visited November 1, 2023).